1

2

3

4

5

6

7         **UNITED STATES DISTRICT COURT**
          **WESTERN DISTRICT OF WASHINGTON**
8                      **AT SEATTLE**

9    STATE OF WASHINGTON, et al.,          NO. 2:25-cv-00848

10                    PLAINTIFFS,          DECLARATION OF WILLIAM
                                           PINES IN SUPPORT OF
11        v.                               PLAINTIFFS' MOTION FOR
                                           PRELIMINARY INJUNCTION
12   U.S. DEPARTMENT OF
     TRANSPORTATION et al.,
13
                      DEFENDANTS.
14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF WILLIAM                    ATTORNEY GENERAL OF WASHINGTON
PINES IN SUPPORT OF                       Environmental Protection Division
PLAINTIFFS' MOTION FOR                    800 Fifth Avenue STE 2000
PRELIMINARY INJUNCTION                    Seattle, WA 98104
                                          206-464-7744

1

2        I, William Pines, declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that

3    the foregoing is true and correct:

4        1.      I am a resident of the State of Maryland. I am over the age of 18 and have

5    personal knowledge of all the facts stated herein, except to those matters stated upon

6    information and belief; as to those matters, I believe them to be true. If called as a witness, I

7    could and would testify competently to the matters set forth below.

8        2.      I am currently employed by the Maryland Department of Transportation State

9    Highway Administration ("MSHA") as the Administrator.

10       3.      As the MSHA Administrator, I am responsible for leading a team of nearly

11   3,000 transportation professionals at facilities across Maryland. These include the headquarters

12   complex in Baltimore City, the Hanover complex in Anne Arundel County, seven districts, 26

13   offices and 28 maintenance shops. Working together, this team owns, operates and maintains

14   roughly 18,000 lane miles of non-toll roads and more than 2,500 bridges across the state.

15       4.      The current MSHA six-year capital budget for state fiscal years 2025 to 2030

16   includes a total of $6.758 billion in funding of which $4.768 billion, or approximately 70

17   percent, is from federal-aid funding sources.

18       5.      Under the Climate Solutions Now Act, Maryland adopted greenhouse gas

19   ("GHG") reduction goals of 60% reduction below 2006 emissions by 2031 and net-zero GHG

20   emissions by 2045. Decarbonizing Maryland's transportation sector, which represented over a

21   third of Maryland's GHG emissions in 2020, is one of the state's priorities to meeting its

22   climate goals. Maryland is also in nonattainment of the national ambient air quality standard

DECLARATION OF WILLIAM
PINES IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

2

for ground-level ozone, with vehicle pollution contributing most of the oxides of nitrogen emissions from which ozone forms. Smog is composed of ozone, which threatens the public health of Marylanders especially vulnerable people including asthmatics, children, and seniors.

6.      To support decarbonization and control air pollution, Maryland is committed to registering 1.1 million passenger electric vehicles by 2031. Maryland must also implement the state's Advanced Clean Cars II regulation adopted in 2023. Planning for and deploying a robust publicly available charging infrastructure network statewide is a key tactic to support the expected growth of electric vehicles in Maryland.

7.      Like many states, Maryland expected the National Electric Vehicle Infrastructure ("NEVI") Formula Program established in the Infrastructure Investment and Jobs Act ("IIJA") to play a critical role in the State's ability to support a consumer fleet of electric vehicles. See IIJA, Pub. L. No. 117-58, 135 Stat. 429 (2021).

8.      The IIJA allocated $5 billion over federal fiscal years 2022 - 2026 for the NEVI Formula Program to fund strategic deployment of electric vehicle ("EV") charging infrastructure.  The Federal Highway Administration ("FHWA") administers the NEVI program. Each state is required to submit a State Electric Vehicle Infrastructure Deployment Plan ("State Plan") for each fiscal year describing how the state intends to use the NEVI funds.

9.      The IIJA further requires the Secretary of Transportation, within ninety (90) days of the statute's enactment and in coordination with the Secretary of Energy, to develop "guidance for States and localities to strategically deploy electric vehicle charging infrastructure" consistent with the NEVI Formula Program provisions of the IIJA ("NEVI Formula Program Guidance"). FHWA issued NEVI Formula Program Guidance on February

DECLARATION OF WILLIAM
PINES IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

3

10, 2022, and has updated the guidance annually.

10.     Maryland prepared and provided to the FHWA its State Plans for fiscal years 2022-2025 describing how it intended to use its share of funds to carry out the NEVI Formula Program.  Plans were submitted for federal fiscal years 2022-2023, 2024, and 2025.  The plans described how Maryland intended to use its apportioned NEVI Formula Program funds.  Per previous federal guidance, the plans included discussion on state agency coordination, public engagement, plan vision and goals, contracting process, civil rights compliance, existing and future conditions analysis, electric vehicle charging infrastructure deployment status, labor and workforce considerations, physical security and cybersecurity considerations, and program evaluation and implementation considerations.

11.     Maryland, through partnerships among state agencies, local governments, non-profits, and the private sector, has made significant investments to support users of electric vehicles. These include purchase incentives that reduce the cost of ownership over the vehicle's life and investments in the public electric vehicle charging network to reduce issues of range anxiety and other deterrents of purchasing electric vehicles. These efforts have helped boost registered electric vehicles in Maryland from 14,930 in 2020 to 132,973 in 2025 thus far – an 891% increase. However, these results fall short of the state's goals, and the State Plan for fiscal years 2022-2025 demonstrated that gaps in charging infrastructure statewide remain. Gaps in charging stations along Alternative Fuel Corridors ("AFC") deter transitions to electric vehicles and harm Maryland's existing electric vehicle owners by depriving them from convenient and reliable public charging.

12.     The FHWA approved Maryland's State Plans in letters dated September 14,

DECLARATION OF WILLIAM
PINES IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

4

2022, September 29, 2023, and November 15, 2024 (collectively "State Plan Approvals"). Each letter explicitly stated that "[w]ith this approval, Fiscal Year . . . funds are now available to Maryland for obligation."

13.     The IIJA made a total of $62,818,576 of NEVI funding available to Maryland, consisting of $9,298,080 in federal fiscal year 2022, $13,380,042 in federal fiscal year 2023, $13,380,134 in federal fiscal year 2024, $13,380,146 in federal fiscal year 2025, and $13,380,174 in federal fiscal year 2026.

14.     MSHA obligated approximately $14,668,457 of NEVI funds for MSHA's NEVI Round 1 design-build procurement and the resulting administration of contracts for the design, construction, operations, and maintenance of twenty-two public electric vehicle charger stations along AFCs in Maryland.  The NEVI funds for these public electric vehicle charger stations have been obligated and the sites are currently in development and are expected to be open to service by spring 2026.

15.     On December 17, 2024, MSHA advertised its NEVI Round 2 procurement that would award multiple contracts for up to twenty-nine public electric vehicle charging stations. MSHA also submitted an authorization request for $475,000 to support design work for Round 2 projects to FHWA at that time. Proposals were originally due to be submitted by March 26, 2025; however, following the federal actions described below, the proposal submission was delayed until June 30, 2025, via an addendum issued on February 12, 2025.

16.     On January 20, 2025, President Trump issued an Executive Order ("EO") entitled Unleashing American Energy. Section 7(a) of the EO directs all agencies to "immediately pause disbursement of funds appropriated through" the IIJA, "including but not

DECLARATION OF WILLIAM
PINES IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

5

limited to funds for electric vehicles charging stations made available through the [NEVI] Program."

17.     On February 6, 2025, MSHA received a letter from Emily Biondi, the Associate Administrator for the Office of Planning, Environment and Realty in the FHWA, with the subject "Suspending Approval of State Electric Vehicle Infrastructure Deployment Plans."

18.     The February 6 letter informed State Transportation Directors that the new leadership of DOT "has decided to review the policies underlying the implementation of the NEVI Formula Program" and was therefore rescinding NEVI Formula Program Guidance.

19.     The February 6 letter further claimed that FHWA "aims to have an updated draft NEVI Formal Program Guidance published for public comment in the spring" and that the Agency "will publish updated final NEVI Formula Guidance that responds to comments received" after the public comment period has closed.

20.     Finally, the FHWA informed MSHA that it would be "immediately suspending the approval of all State Electric Vehicle Infrastructure Deployment plans for all fiscal years" and prohibiting future obligations "under the NEVI Formula Program until the updated final NEVI Formula Program Guidance is issued and new State plans are submitted and approved."

21.     The February 6 letter therefore made clear that Maryland would not have access to the unobligated total of $34,769,945 in Fiscal Year 22-25 funds which had been made available to Maryland through its State Plan Approvals. FHWA has further given Maryland no sense of when it will receive the remaining $13,380,174 it expected to receive for Fiscal Year 2026.

DECLARATION OF WILLIAM
PINES IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

6

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

22.     MSHA relied and acted upon the FHWA's statutory obligation to provide NEVI formula funding consistent with the IIJA's requirements. After a successful NEVI Round 1 procurement, MSHA launched a NEVI Round 2 procurement on December 17, 2024, with the expectation that NEVI funds available to Maryland would be available for obligation for the procurement phase and the construction phase.  Due to the FHWA rescission of the previously approved plans and the prohibition on new obligations under the NEVI program, MSHA delayed its procurement for approximately three months with the expectation that further delays will be required to account for the issuance of updated final NEVI Formula Program Guidance, the submittal and approval of a new State Plan, and the update of the procurement and contracting documents to account for any changes from these updated and new documents.

23.     MSHA is unable to continue with its NEVI Round 2 procurement process at this time for multiple reasons including the lack of obligated NEVI funds to administer the procurement process, the uncertainty of what the future NEVI Program requirements will be, and the difficulty in securing contractors for the remaining twenty-nine project sites due to uncertainty in funding and procurement timeline.

24.     The Round 2 procurement was expected to advance the certification of Maryland's designated AFCs, in coordination with FHWA. The delay in the Round 2 procurement is expected to delay potential AFC certifications and Maryland's ability to utilize NEVI funding to advance community EV charger deployments on non-AFC public roads or in other publicly accessible locations, making the most impact in closing the State's publicly available charging gaps.

DECLARATION OF WILLIAM
PINES IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

7

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

1

25.    In conversations with partners and stakeholders, MSHA learned of concerns

2

from the private sector regarding negative repercussions that the pause on the NEVI Program

3

has on the electric vehicle market. MSHA expects continued waning private sector interest in

4

participating in future rounds of Maryland's NEVI Program if this delay and uncertainty

5

surrounding the program remains.

6

26.    The delay in the Round 2 procurement is also expected to increase costs for the

7

twenty-nine public electric vehicle charging stations.  This cost increase will reduce MSHA's

8

remaining NEVI allocation and reduce the number of electric vehicle chargers that MSHA can

9

provide off the AFC network, reducing the quantity and quality of statewide public electric

10

vehicle infrastructure overall.  Based on Maryland's NEVI Round 1 data and available market

11

estimates, MSHA projects that the withholding of Maryland's apportioned NEVI funds puts up

12

to 180 additional fast-charging ports along Maryland's AFCs and 1,611 additional Level 2

13

charging ports in Maryland's communities at risk. This reduced infrastructure may lead to

14

reduced adoption of electric vehicles across Maryland and harm Maryland's ability to meet its

15

emission reduction goals and implementation of its Advanced Clean Cars II regulation.

16

17

18

19

I declare under penalty of perjury under the laws of the United States that, to the best of

20

my knowledge, the foregoing is true and correct.

21

22

DATED this ____3rd____ day of ____May____, 2025, at Baltimore, Maryland.

23

24

_Will N. Pines_

25

William Pines

26

DECLARATION OF WILLIAM
PINES IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

8

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744