**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| STATE OF WASHINGTON, et al., | NO. 2:25-cv-00848 |
| PLAINTIFFS, | DECLARATION OF AMANDA PIETZ IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| U.S. DEPARTMENT OF TRANSPORTATION et al., | |
| DEFENDANTS. | |

I, Amanda Pietz, declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct:

1.      I am a resident of the State of Oregon. I am over the age of 18 and have personal knowledge of all the facts stated herein, except to those matters stated upon information and belief; as to those matters, I believe them to be true. If called as a witness, I could and would testify competently to the matters set forth below.

2.      I am currently employed by the Oregon Department of Transportation ("ODOT") as Policy, Data and Analysis Division Administrator.

3.      As Policy, Data and Analysis Division Administrator, I am responsible for managing ODOT's policy and planning programs, data and research efforts, and the climate office, including the transportation electrification program.

DECLARATION OF AMANDA
PIETZ IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

1

4.      For nearly 20 years, Oregon has actively pursued multi-pronged strategies to reduce harmful greenhouse gas emissions in this state. In 2007, the Oregon Legislature established greenhouse gas reduction goals through Oregon Revised Statute § 468A.205. These goals include a reduction in greenhouse gas emissions of at least 75 percent below 1990 levels by 2050. In 2010, the Oregon Legislature directed ODOT and the Oregon Transportation Commission through Chapter 85, Oregon Laws 2010, Special Session; further codified in ORS 184.617 to adopt a comprehensive statewide transportation strategy on greenhouse gas emissions to aid in achieving these goals. The result was Oregon's Statewide Transportation Strategy: A 2050 Vision for Greenhouse Gas Reduction, completed in March 2013.[1] It identifies the pathways for reducing transportation-related emissions, including: cleaner vehicles and fuels, efficient systems and operations, low-carbon transportation options, conducive land use management, and pricing mechanisms.

5.      In 2018, ODOT evaluated its overall progress in implementing the Statewide Transportation Strategy and found that more intense and focused efforts were needed to help reach Oregon's greenhouse gas reduction goals. Cleaner vehicles and fuels were identified as the most impactful actions, with the potential to make up about half of the gap needed to reach Statewide Transportation Strategy targets. In 2019, the Oregon Legislature passed Senate Bill 1044, setting specific light-duty vehicle electrification goals for the State. The goals established through this legislation are: 250,000 registered zero-emission vehicles by 2025, over 1 million by 2030 (50% of new vehicle sales) and 2.5 million by 2035 (90% of new vehicle sales).

6.      Installing publicly available charging stations throughout the state is essential for Oregon to meet its electrification goals. In 2020, Oregon's Governor issued Executive Order 20-04 calling for multi-agency efforts to implement the Statewide Transportation Strategy, including transportation electrification. Responding to Executive Order 20-04, ODOT

---

[1] https://www.oregon.gov/odot/climate/pages/statewide-transportation-strategy.aspx.

DECLARATION OF AMANDA
PIETZ IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

2

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

1    completed the Transportation Electrification Infrastructure Needs Analysis report in 2021,

2    showing the amount and type of electric vehicle charging stations needed to reach the goals set

3    forth in Senate Bill 1044 (2019). Based on that report and more recent analysis, ODOT

4    concluded that Oregon will need 8,000-13,000 public fast-charging (DCFC) ports and 12,000-

5    50,000 public level 2 ports by 2030 to reach those goals. As of December 2024, ODOT

6    estimates there are nearly 4,000 total public ports in Oregon: 1,027 DCFC and 2,762 level 2

7    ports.

8        7.      Like many states, Oregon expected the National Electric Vehicle Infrastructure

9    ("NEVI") Formula Program established in the Infrastructure Investment and Jobs Act ("IIJA")

10   to play a critical role in the State's ability to transition to electrification of vehicles. *See* IIJA,

11   Pub. L. No. 117-58, 135 Stat. 429 (2021).

12       8.      The IIJA allocated $5 billion over federal fiscal years 2022 - 2026 for the NEVI

13   Formula Program to fund strategic deployment of electric vehicle ("EV") charging

14   infrastructure. The Federal Highway Administration ("FHWA") administers the NEVI

15   program. FHWA invites state and local officials, as well as industry stakeholders, to nominate

16   highway routes along the National Highway System for designation as Alternative Fuel

17   Corridors (AFCs). Upon FHWA approval, states can utilize federal grants and formula

18   funding, including NEVI funds, to support the development of publicly accessible charging

19   and alternative fueling infrastructure along these designated AFCs. Each state is required to

20   submit a State Electric Vehicle Infrastructure Deployment Plan ("State Plan") for each fiscal

21   year describing how the state intends to use the NEVI funds.

22       9.      Following NEVI Formula Program guidance issued by FHWA, Oregon

23   submitted and received approval of three NEVI State Plans for fiscal years 2022-2025

24   describing how it intended to use its share of funds to carry out the NEVI Formula Program.

25   The first NEVI State Plan covered all five years, and funding was approved for fiscal years

26   2022 and 2023 from that plan. Oregon subsequently submitted State Plans for fiscal years 2024

DECLARATION OF AMANDA
PIETZ IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

3

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

1    and 2025. Each submitted State Plan addressed the program requirements and detailed

2    Oregon's approach for implementing the formula funds associated with that fiscal year.[2]

3         10.    Oregon planned to use NEVI funding to develop a total of eleven electric

4    vehicle AFCs. Oregon's State Plans proposed an innovative approach which requires that

5    private entities develop full corridors, rather than individual sites along the corridor.

6    Additionally, ODOT required that a percentage of charging stations constructed along each

7    corridor offer pull-through charging for medium-duty electric vehicles, and that all sites

8    include additional higher-powered chargers beyond the minimum standards outlined in the

9    NEVI guidance.

10        11.    The FHWA approved Oregon's State Plans in letters dated September 14, 2022,

11   for fiscal years 2022 and 2023 funding; September 29, 2023, for fiscal year 2024 funding; and

12   November 15, 2024, for fiscal year 2025 funding (collectively, "State Plan Approvals"). Each

13   letter explicitly stated that "[w]ith this approval, Fiscal Year . . . funds are now available to

14   Oregon for obligation."

15        12.    A true and correct copy of the approval letter ODOT received from FHWA,

16   dated September 14, 2022, is attached as Exhibit A. A true and correct copy of the approval

17   letter ODOT received from FHWA, dated September 29, 2023, is attached as Exhibit B. A true

18   and correct copy of the approval letter ODOT received from FHWA, dated November 15,

19   2024, is attached as Exhibit C.

20        13.    In total, FHWA allocated $52,249,356 in NEVI Program funds, to be used

21   between 2022 and 2026. The below table lists the amount of NEVI funding made available to

22   Oregon for obligation each year.

| Fiscal Year | Funding |
|:---:|:---:|
| 2022 | $ 7,733,679 |
| 2023 | $11,128,851 |
| 2024 | $11,128,928 |

---

[2] Oregon's most recent State Plan can be found here: ODOT FY 25 NEVI State Plan.pdf

DECLARATION OF AMANDA
PIETZ IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

4

| 2025 | $11,128,937 |
|---|---|
| 2026 (Not yet available) | $11,128,961 |
| Total 2022-2026 | $52,249,356 |

14.     As noted in the table above, fiscal year 2026 funding has not been made available for obligation because FHWA has yet to indicate when the 2026 state plans might be due.

15.     With $41,120,395 available for obligation, ODOT has thus far obligated $26,058,910. This funding reflects $11,636,621 for planning, preliminary engineering, and construction phases for the installation of electric vehicle charging stations in three major Oregon corridors: I-5, I-205 and US 97. The remainder of the obligated $26,058,910 in funding was programmed for planning and preliminary engineering for charging stations in another eight corridors in the state, with construction funds for those corridors yet to be obligated.

16.     ODOT is currently administering Oregon's NEVI Program Formula funding as a competitive grant program. On June 13, 2024, ODOT issued notices of funding opportunities for the I-5, I-205, and US 97 corridors. In December 2024, ODOT issued Notices of Intent to Award to three private entities (grantees) for these locations, and negotiations between ODOT and the grantees regarding the grant terms are ongoing.

17.     Oregon has expended significant time and resources to create a robust transportation electrification program that complies with the NEVI Program Formula requirements. Among other things, ODOT staff have engaged in substantial stakeholder outreach throughout the state, prepared and submitted detailed State Plans annually, opened up a bidding process for awarding grants, and created and applied a comprehensive application review and scoring approach. The sustained effort has resulted in a robust electrification program that Oregon expected would be key to meeting the state's goals for greenhouse gas emissions reductions.

DECLARATION OF AMANDA
PIETZ IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

5

18.     ODOT is the primary state agency responsible for making investments in public transportation electrification charging infrastructure and is heavily reliant on federal dollars for creating that infrastructure. State funding for charging stations in Oregon is extremely limited. Article IX Section 3a of Oregon's Constitution dedicates revenue from motor fuels taxes, along with taxes and fees on the ownership, operation or use of a motor vehicle to highway purposes only (State Highway Fund). This means State Highway Funds are primarily confined to investments within the highway right-of-way and are not used for transportation electrification. ODOT uses a limited amount of Transportation Operating Fund dollars (non-roadway gas tax revenue) as the only source of state funds. Oregon's state funding comprises about 8 percent of the total amount ODOT plans to spend on transportation electrification charging infrastructure, while federal funding provides the other 92 percent.

19.     On January 20, 2025, President Trump issued an Executive Order ("EO") entitled Unleashing American Energy. Section 7(a) of the EO directs all agencies to "immediately pause disbursement of funds appropriated through" the IIJA, "including but not limited to funds for electric vehicles charging stations made available through the [NEVI] Program."

20.     On February 6, 2025, ODOT received a letter from Emily Biondi, the Associate Administrator for the Office of Planning, Environment and Realty in the FHWA, with the subject "Suspending Approval of State Electric Vehicle Infrastructure Deployment Plans."

21.     The February 6 letter informed State Transportation Directors that the new leadership of DOT "has decided to review the policies underlying the implementation of the NEVI Formula Program" and was therefore rescinding NEVI Formula Program Guidance.

22.     The February 6 letter further claimed that FHWA "aims to have an updated draft NEVI Formal Program Guidance published for public comment in the spring" and that the Agency "will publish updated final NEVI Formula Guidance that responds to comments received" after the public comment period has closed.

DECLARATION OF AMANDA
PIETZ IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

23.     Finally, the FHWA informed ODOT that it would be "immediately suspending the approval of all State Electric Vehicle Infrastructure Deployment plans for all fiscal years" and prohibiting future obligations "under the NEVI Formula Program until the updated final NEVI Formula Program Guidance is issued and new State plans are submitted and approved."

24.     The February 6 letter therefore made clear that Oregon would not have access to the full $41,120,395 that had been made available to Oregon through its State Plan Approvals. FHWA has further given Oregon no sense of how it can apply for the remaining $11,128,961 it expected to receive for fiscal year 2026.

25.     ODOT relied and acted upon the FHWA's statutory obligation to provide NEVI Program Formula funding consistent with the IIJA's requirements.

26.     FHWA is restricting the movement of obligated funds between phases and projects. This negatively impacts ODOTs ability to revise project costs to reflect overmatch provided by the grantee(s) and reconcile the estimated project cost with the true cost of the project. Without the ability to make these changes, ODOT either cannot enter into agreements with grantees or it must re-negotiate with grantees to reduce the overall projects costs, limiting the additional benefits Oregon would otherwise receive.

27.     For example, although the minimum NEVI match requirement is 20%, the prospective grantees for the I-5, I-205, and US 97 corridors had each agreed to provide more match funds of between 26% and 45%, resulting in an overmatch of $2,018,605 that would otherwise be paid by NEVI Program Formula funds. The original amounts that ODOT obligated and programmed for construction need to be changed to reflect the grantee's overmatch and the finalized project costs. To do this ODOT must move funds between phases or projects but now cannot do so. In effect, that funding is lost.

28.     In addition, by restricting ODOT from moving money between phases and projects, ODOT cannot shift funds to construction to complete corridors beyond I-5, I-205 and US 97. If funds could be moved between projects and phases, ODOT would repurpose funding

DECLARATION OF AMANDA
PIETZ IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

7

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

1    it previously obligated for planning and preliminary engineering on select remaining corridors

2    to prioritize obligating construction phases in others. This would enable the build-out of

3    between two and three additional corridors that are critical for connecting rural Oregon with

4    the electric vehicle charging network.

5        29.     FHWA is currently restricting ODOT's ability to obligate the additional funding

6    ($15,061,485) that the Agency should have access as a result of FHWA's approval of the

7    NEVI State Plans for fiscal years 2022-2025. For fiscal year 2026, a NEVI State Plan has not

8    been submitted or approved, which reserves an additional $11,128,961 in NEVI Program

9    Formula funding. This means ODOT cannot obligate the additional $26,190,446 in NEVI

10   funding to construct its remaining eight corridors, effectively freezing the program in place.

11       30.     Without the ability to obligate funding for construction, ODOT cannot develop

12   its remaining eight corridors, representing a loss of at least 40 DCFC charging stations (a

13   minimum of 160 charging ports) which accounts for roughly 75% of the estimated number of

14   stations ODOT planned to develop under the NEVI program.

15       31.     ODOT cannot execute existing contracts without significant modification or

16   fund the construction phases for the remaining eight corridors. In addition, ODOT expects

17   there will be challenges securing future contracts due to uncertainty regarding the status of the

18   NEVI program. Without the ability to obligate construction funding, contractors have no

19   incentive to apply to the program.

20       32.     ODOT's Transportation Electrification Infrastructure Needs Analysis found that

21   a five-fold increase in publicly available charging infrastructure along major highways and

22   interstates is needed by 2030 to keep up with the growth in light-duty electric vehicle traffic

23   along these corridors. Any disruption or delay to NEVI funding would negatively impact

24   Oregon's ability to meet SB 1044 goals (2019) and requirements in Oregon Executive Order

25   20-04. Without NEVI Program Formula funding, Oregon cannot move forward with the

26

DECLARATION OF AMANDA
PIETZ IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

8

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

8

1   projects described its State Plans and is highly unlikely to meet its goals of significantly

2   reducing greenhouse gas emissions through transportation electrification.

3

4        I declare under penalty of perjury under the laws of the United States that, to the best of

5   my knowledge, the foregoing is true and correct.

6        DATED this <u>03rd</u> day of <u>  May  </u>, 2025, at <u>11:00 AM</u>,

7   <u>Pacific Daylight Time</u>.

8

9                                          AMANDA PIETZ

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF AMANDA
PIETZ IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744