The Honorable Tana Lin

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| STATE OF WASHINGTON, et al., | NO.  2:25-cv-00848-TL |
| PLAINTIFFS, | PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| U.S. DEPARTMENT OF TRANSPORTATION, et al., | NOTE ON MOTION CALENDAR: JUNE 4, 2025 |
| DEFENDANTS. | ORAL ARGUMENT SET FOR JUNE 17, 2025, 2PM |

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744

**TABLE OF CONTENTS**

I.    INTRODUCTION........................................................................................ 1

II.   ARGUMENT ............................................................................................. 1

      A.   Plaintiffs Are Likely to Succeed on the Merits......................................... 1

           1.   Plaintiffs' claims are ripe ................................................................ 1

           2.   Defendants took final agency action ................................................ 2

           3.   Defendants' actions are in excess of statutory authority and contrary to
                law ................................................................................................... 4

                a.   Defendants lack statutory authority to retroactively revoke State
                     Plans or withhold funds for reasons not set forth in the IIJA ................... 5

                b.   Defendants lack discretionary authority to revoke State Plans................ 6

           4.   Defendants' actions are arbitrary and capricious ............................ 7

           5.   Defendants acted "without observance of procedure required by law" ............. 8

           6.   Defendants violated separation-of-powers principles ....................... 8

      B.   Plaintiffs Face Irreparable Harm Absent a Preliminary Injunction ........................ 10

      C.   The Balance of Equities Favor an Injunction .......................................... 12

      D.   No Bond Requirement or Stay Should Issue ........................................... 12

III.  CONCLUSION .......................................................................................... 13

# TABLE OF AUTHORITIES

## Cases

*Abbott Laboratories v. Gardner*,
387 U.S. 136 (1967) *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)...................................................................................................................... 1

*AIDS Vaccine Advocacy Coal. v. U.S. Dep't of State*,
766 F. Supp. 3d 74 (D.D.C. 2025)........................................................................... 3

*Am. Fed'n of Gov't Emps., v. Trump*,
No. 25-cv-03698-SI, 2025 WL 1482511 (N.D. Cal. May 22, 2025).......................... 9

*ARC of California v. Douglas*,
757 F.3d 975 (9th Cir. 2014) ................................................................................. 12

*Benisek v. Lamone*,
585 U.S. 155 (2018).............................................................................................. 11

*Bennett v. Spear*,
520 U.S. 154 (1997).......................................................................................... 3, 4

*Bishop Paiute Tribe v. Inyo County*,
863 F.3d 1144 (9th Cir. 2017) ................................................................................. 1

*Bowen v. Massachusetts*,
487 U.S. 879 (1988)................................................................................................ 2

*Chicago Women in Trades v. Trump*,
No. 25 C 2005, 2025 WL 1331743 (N.D. Ill. May 7, 2025) ..................................... 9

*City & Cnty. of San Francisco v. Trump*,
897 F.3d 1225 (9th Cir. 2018) ................................................................................. 9

*City of South Pasadena v. Slater*,
56 F.Supp.2d 1106 (C.D. Cal. 1999) ...................................................................... 13

*Clean Air Council v. Pruitt*,
862 F.3d 1 (D.C. Cir. 2017).................................................................................... 3

*Dalton v. Specter*,
511 U.S. 462 (1994)............................................................................................ 8, 9

*Dep't of Educ v. California*,
145 S. Ct. 966 (2025) (per curiam)........................................................................ 12

*Doctors for America v. Off. of Personnel Mgmt.*,
766 F. Supp. 3d 39 (D.D.C. 2025)........................................................................... 3

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR PRELIMINARY
INJUNCTION -- No. 2:25-cv-00848-TL

ii

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

*Doe v. Trump*,
  288 F. Supp. 3d 1045 (W.D. Wash. 2017) ........................................................................ 3

*East Bay Sanctuary Covenant v. Biden*,
  993 F.3d 640 (9th Cir. 2021) ................................................................................. 10, 11

*Fair v. King County*,
  No. 2:21-cv-01706-JHC, 2025 WL 1031274 (W.D. Wash. Apr. 7, 2025).......................... 8

*Ivy Sports Medicine, LLC v. Burwell*,
  767 F.3d 81 (D.C. Cir. 2014) ........................................................................................ 5

*Jenkins v. County of Riverside*,
  398 F.3d 1093 (9th Cir. 2005) ...................................................................................... 8

*Johnson v. Couturier*,
  572 F.3d 1067 (9th Cir. 2009) .................................................................................... 13

*Lydo Enters., Inc. v. City of Las Vegas*,
  745 F.2d 1211 (9th Cir. 1984) .................................................................................... 11

*Murphy Co. v. Biden*,
  65 F.4th 1122 (9th Cir. 2023) ...................................................................................... 9

*Nat'l Park Hosp. Ass'n v. Dep't of Interior*,
  538 U.S. 803 (2003)...................................................................................................... 2

*New Jersey v. E.P.A.*,
  517 F.3d 574 (2008) ...................................................................................................... 5

*New York v. Trump*,
  No. 25-cv-39-JJM-PAS, 2025 WL 715621 (D.R.I. Mar. 6, 2025)................................. 10, 11

*Northcoast Envtl. Ctr. v. Glickman*, 136 F.3d 660 (9th Cir. 1998)) ................................... 2

*Oakland Tribune, Inc. v. Chronicle Publ'g Co.*,
  762 F.2d 1374 (9th Cir. 1985) .................................................................................... 11

*Oregon Nat. Desert Ass'n v. U.S. Forest Serv.*,
  465 F.3d 977 (9th Cir. 2006) ........................................................................................ 4

*Pacito v. Trump*,
  No. 2:25- cv-255-JNW, 2025 WL 655075 (W.D. Wash. Feb. 28, 2025)........................ 3, 10

*Prutehi Litekyan: Save Ritidian v. U.S. Dep't of Airforce*,
  128 F.4th 1089 (9th Cir. 2025) ...................................................................................... 3

*Rodriguez v. Robbins*,
  715 F.3d 1127 (9th Cir. 2013) .................................................................................... 13

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR PRELIMINARY
INJUNCTION -- No. 2:25-cv-00848-TL

iii

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

*Sierra Club v. Trump,*
    929 F.3d 670 (9th Cir. 2019) ................................................................................ 9

*United Mine Workers of Am. v. Mine Safety & Health Admin.,*
    823 F.2d 608 (D.C. Cir. 1987) .............................................................................. 3

*Washington v. DeVos*, 466 F. Supp, 3d 1151, (E.D. Wash. 2020) ............................................ 2

*Woonasquatucket River Watershed Council v. USDA,*
    No. 1:25-cv-00097-MSM-PAS, 2025 WL 1116157 (D.R.I. Apr. 15, 2025)........................... 3

*Youngstown Sheet & Tube Co. v. Sawyer,*
    343 U.S. 579 (1952).............................................................................................. 9

### **Statutes**

23 U.S.C. § 106(a) ................................................................................................ 6

23 U.S.C. § 106(c) ................................................................................................ 7

Pub. L. No. 117-58,
    135 Stat. 429 (2021) ............................................................................ 5, 6, 10, 12

### **Regulations**

23 C.F.R. § 630.205(b) ......................................................................................... 6

23 C.F.R. § 635.309 ........................................................................................... 12

23 C.F.R. § 680.106 ........................................................................................... 12

### **Other Authorities**

*"Advance Construction of Federal-Aid Projects"*
    73 Fed. Reg. 50194 (Aug. 26, 2008) .................................................................... 8

Exec. Order No. 14,154,
    90 Fed. Reg. 8353 (Jan. 20, 2025)....................................................................... 6

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR PRELIMINARY
INJUNCTION -- No. 2:25-cv-00848-TL

iv

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

1

# I.    INTRODUCTION

Defendants categorically halted the NEVI Formula Program, thereby causing immediate and irreparable harm to Plaintiff States. Defendants do not dispute the operative facts. Instead, they spend most of their response defending their authority to revise agency guidance, authority Plaintiffs never challenged. This straw-man argument dodges the point: Defendants cannot revoke previously approved State Plans, and they lack authority to categorically prohibit new obligations of funds. Defendants took final agency action that irreparably harms Plaintiffs, in clear violation of statutory law and separation-of-powers principles, and the Court should grant Plaintiffs' preliminary injunction.

# II.    ARGUMENT

## A.    Plaintiffs Are Likely to Succeed on the Merits

### 1.    Plaintiffs' claims are ripe

Plaintiffs' claims are ripe. The ripeness doctrine exists to prevent courts "from entangling themselves in abstract disagreements over administrative policies," to "protect agencies from judicial interference until an administrative decision has been formalized," and to avoid such judicial review until "its effects [are] felt in a concrete way by the challenging parties." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-49 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). Here, the issues presented are "definite and concrete, not hypothetical or abstract." *Bishop Paiute Tribe v. Inyo County*, 863 F.3d 1144, 1153 (9th Cir. 2017). Likewise, the issues are "fit[]. . . for judicial decision," and "withholding court consideration" would cause "hardship" to Plaintiffs. *Id.* at 1154.

Defendants characterize Plaintiffs' claims as unripe because Defendants purportedly are "working diligently to publish revised guidance," and because, according to them, Plaintiffs' injuries are theoretical until the point Defendants define the funds as obligated. *See* Dkt. #93 p.9. Those arguments, however, just repackage Defendants' later contentions on finality and irreparable harm.

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR PRELIMINARY
INJUNCTION -- No. 2:25-cv-00848-TL

1

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744

In APA preliminary injunction cases, ripeness is often inter-related with the analyses of final agency action and irreparable harm. *See Washington v. DeVos*, 466 F. Supp. 3d 1151, 1162 (E.D. Wash. 2020) (citing *Northcoast Envtl. Ctr. v. Glickman*, 136 F.3d 660, 668 (9th Cir. 1998)). "[A]n agency's characterization of its actions as being provisional or advisory is not necessarily dispositive" of such questions. *Id.* (quoting *Columbia Riverkeeper v. U.S. Coast Guard*, 761 F.3d 1084, 1094-95 (9th Cir. 2014)). Rather, the court should "consider the practical effects" of an agency's decision "regardless of how it is labeled." *Id.* Where "further factual development" would not "significantly advance [the court's] ability to deal with the legal issues presented," challenge to a final agency action is ripe. *Nat'l Park Hosp. Ass'n v. Dep't of Interio*r, 538 U.S. 803, 812 (2003).

Here, the practical effect of Defendants' actions is to halt the NEVI program. Plaintiffs cannot move forward with previously approved State Plans because, as Defendants admit, they have revoked those Plans and refuse to obligate any additional funds under them. The injury caused by those actions is immediate, concrete, and irreparable. Moreover, Defendants' lack of authority to act as it has is a purely legal issue, and no further factual development is required to assess it. Whatever revised guidance may be issued in the future has nothing to do with the illegal actions before the Court now. Ripeness poses no bar to this Court's review.[1]

## 2.    Defendants took final agency action

Plaintiffs' APA claims challenge specific agency actions announced in the FHWA Letter: The revocation of approved State Plans and the categorical withholding of NEVI fundsfrom obligation. Dkt. #93 p.9. Defendants attack a straw-man when they repeatedly assert

---

[1] Defendants attempt to claim high ground because they have not "withheld funds" under "legally binding agreements that contractually commit FHWA to reimburse states for eligible expenses." *See* Dkt. #93 p.10, n.1. They passingly claim that, had they done so, jurisdiction over such issues would rest with the Court of Federal Claims pursuant to the Tucker Act. Defendants' footnote is a tacit admission that this case does not involve Tucker Act claims, but APA claims regarding the "ongoing relationship between the parties." *Bowen v. Massachusetts*, 487 U.S. 879, 905 (1988).

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR PRELIMINARY
INJUNCTION -- No. 2:25-cv-00848-TL

2

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744

1    that Plaintiffs target Defendants' decision to review and update the NEVI guidance. Dkt. #93

2    p.10.

3        Defendants' revocation of State Plans and categorical withholding of NEVI funds from

4    obligation "mark the consummation of the agency's decisionmaking process." *Bennett v.*

5    *Spear*, 520 U.S. 154, 177-78 (1997). Courts distinguish between actions that "merely begin" a

6    review process "that could culminate in no change to the rule," and "interim" actions that

7    impose immediate consequences, the latter being final agency actions. *Clean Air Council v.*

8    *Pruitt*, 862 F.3d 1, 6 (D.C. Cir. 2017) (decision to stay, pending reconsideration, portions of

9    rule was final action); *see also United Mine Workers of Am. v. Mine Safety & Health Admin.*,

10   823 F.2d 608, 614-15 & n.5 (D.C. Cir. 1987) (interim relief from a safety standard was final

11   action); *Doe v. Trump*, 288 F. Supp. 3d 1045, 1069-70 (W.D. Wash. 2017) (memo suspending

12   refugees from entering the United States was final action). Defendants' guidance revisions are

13   inapposite—courts regularly reject agency attempts to insulate themselves from review by

14   characterizing actions as "temporary" and subject to change in the future. *See Prutehi*

15   *Litekyan: Save Ritidian v. U.S. Dep't of Airforce*, 128 F.4th 1089, 1109 (9th Cir. 2025); *see*

16   *also Doctors for America v. Off. of Personnel Mgmt.*, 766 F. Supp. 3d 39, 51 (D.D.C. 2025).

17   Courts have applied that principle to rebuff many recent attempts to avoid judicial review by

18   portraying agency funding actions as inseparable from an ongoing evaluative process. *See, e.g.*,

19   *Pacito v. Trump*, No. 2:25- cv-255-JNW, 2025 WL 655075, at *16 (W.D. Wash. Feb. 28,

20   2025) ("[T]hat the challenged [funding freeze] actions are ostensibly temporary is

21   immaterial."); *Woonasquatucket River Watershed Council v. USDA*, No. 1:25-cv-00097-MSM-

22   PAS, 2025 WL 1116157, at *15 (D.R.I. Apr. 15, 2025) ("[T]here are no further steps the

23   agencies need to take to determine whether they will freeze that funding."); *AIDS Vaccine*

24   *Advocacy Coal. v. U.S. Dep't of State*, 766 F. Supp. 3d 74, 82 (D.D.C. 2025) (funding

25   suspension was final action). Here, Defendants did even more than institute an allegedly

26   temporary funding freeze—they revoked Plaintiffs' State Plans with no prospect of revisiting

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR PRELIMINARY
INJUNCTION -- No. 2:25-cv-00848-TL

3

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744

1  that decision or resurrecting the Plans. Instead, Plaintiffs will need to submit new State Plans

2  for approval. FHWA Letter at 2. Similarly, the suspension of the NEVI Program and

3  withholding of funds is a final decision "effective immediately" that will remain in place until

4  Defendants take new, distinct action—i.e., until new guidance is issued, and new State Plans

5  are submitted and approved. *Id.*

6          Defendants' actions also determine "rights or obligations" "from which legal

7  consequences will flow." *Bennett*, 520 U.S. at 177-78. Plaintiffs cannot obligate and draw

8  down further funds—a prerequisite to proceeding with construction activities—due to

9  Defendants' actions. Dkt. #5 p.9. The FHWA Letter states that "no new obligations may

10 occur," and Defendants further admit that Plaintiffs may not even submit requests to obligate.

11 FHWA Letter at 2; Dkt. #93 pp.5, 12. Even though FHWA must approve obligation requests,

12 Defendants' actions have had "a direct and immediate effect on the day-to-day operation[s]" of

13 Plaintiffs, impeding their ability to advance EV projects and to administer entire state

14 programs. *Oregon Nat. Desert Ass'n v. U.S. Forest Serv.*, 465 F.3d 977, 982 (9th Cir. 2006)

15 (citations omitted); Dkt. #5 pp.9, 20-22.

16         **3.    Defendants' actions are in excess of statutory authority and contrary to law**

17         Defendants identify no statutory authority to revoke State Plans or to categorically refuse

18 to obligate NEVI funds. Instead, they claim a series of implicit authorities. Defendants claim

19 they have implicit authority to "revoke and update" guidance. Dkt. #93 p.13. Upon that narrow

20 reed, Defendants then claim two much broader powers that have no basis in the statute. First,

21 they contend that their authority to develop guidance also confers upon them implicit authority

22 to "suspend" previously approved State Plans. Dkt. #93 p.14. Second, they go a step further and

23 assert that "their statutory authority to control Program guidance" implies an authority to

24 withhold funds from obligation. Dkt. #93 p.15. Defendants' positions are in sharp tension with

25 the clear language of the IIJA, and they claim powers Congress did not convey.

26

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR PRELIMINARY
INJUNCTION -- No. 2:25-cv-00848-TL

4

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744

1
2

      **a.     Defendants lack statutory authority to retroactively revoke State Plans or withhold funds for reasons not set forth in the IIJA**

3
4
5
6
7
8
9
10
11

      So long as States timely submit their State Plans, the IIJA entitles them to their share of NEVI funding for a given fiscal year. *See* Dkt. #93 pp.10-11; Pub. L. No. 117-58, 135 Stat. 429, 1422 (2021). The Government Accountability Office (GAO), a nonpartisan congressional watchdog agency, recently found that the "IIJA constitutes a mandate to provide amounts appropriated for the NEVI Formula Program to the [S]tates." Supp. Brown Decl. Ex. 1, p.17. As the GAO explained, the IIJA limits FHWA's authority to withhold or withdraw NEVI funds to two narrow situations: (1) when a State fails to submit a plan by the deadline, or (2) "if the Secretary determines that a state has not taken action to carry out its plan." *Id*. p.6; *see also* Dkt. #5 pp.10-11. Neither scenario applies here.

12
13
14
15
16
17
18
19
20
21
22
23
24
25

      Defendants rest their argument entirely on their authority to promulgate initial guidance. *See* Dkt. #93 pp.14-15 (referencing 135 Stat. at 1423). But that limited authority does not give them discretion to revoke State Plans or to withhold funds from obligation in direct contravention of the statute. Congress expressly carved out the limited circumstances in which Defendants are authorized to withhold NEVI funds. This confirms that States are entitled to such funds once apportioned unless one of the two scenarios enumerated in the IIJA is met. *See* Supp. Brown Decl. Ex. 1 p.16 ("[U]nless the Secretary invokes the authority in IIJA to withhold or withdraw funds therefor, such funds are directed by IIJA to the states."). Those explicit statutory terms limit the Agency's authority, and none of the implicit authority claimed by Defendants can override Congressional direction. *See Ivy Sports Medicine, LLC v. Burwell*, 767 F.3d 81, 86 (D.C. Cir. 2014) (Kavanaugh, J.) ("[W]e have [] recognized that any inherent reconsideration authority does not apply in cases where Congress has spoken."); *New Jersey v. E.P.A.*, 517 F.3d 574, 583 (2008) ("Congress … undoubtedly can limit an agency's discretion to reverse itself.").

26

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR PRELIMINARY
INJUNCTION -- No. 2:25-cv-00848-TL

5

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744

1    Finally, Defendants argue that they must be able to "briefly suspend State plans"

2    pending the issuance of "routinely updated" guidance. Dkt. #93 p.15. Again, that has no basis

3    in the statute. Even if it did, the "suspension" here is neither routine nor brief. The President

4    directed Defendants to "immediately pause the disbursement of funds . . . made available

5    through the [NEVI] Formula Program." Exec. Order No. 14,154, 90 Fed. Reg. 8353, 8357

6    (Jan. 20, 2025). And far from "brief," the "suspension" will last until after Defendants publish

7    draft guidance, through a public comment period of unspecified length, the time to issue final

8    guidance, and the additional time needed to prepare and approve new State Plans. *Id*.

9        **b.    Defendants lack discretionary authority to revoke State Plans**

10    The IIJA bestows only ministerial approval authority to ensure State Plans are "in such

11    form and in such manner" as the Secretary requires. 135 Stat. at 1422. This statutory language

12    merely "authorizes the Secretary to dictate the information included in the plan and the

13    deadline for submission." Supp. Brown Decl. Ex. 1 p.10. It does not give Defendants license to

14    withhold NEVI funds when State Plans have been properly and timely submitted, or to

15    otherwise exercise discretionary approval authority. *See id.* ("IIJA does not include a

16    discretionary approval provision"). It certainly does not authorize the categorical revocation of

17    all State Plans.

18    Defendants misread 23 U.S.C. § 106(a), which they contend "vests the Secretary with

19    such discretion by expressly requiring the agency's approval of the States' plans." Dkt. #93

20    p.20. Section 106(a) states, "[e]xcept as otherwise provided in this section, each State

21    transportation department shall submit to the Secretary for approval such plans, specifications,

22    and estimates for each proposed project as the Secretary may require." 23 U.S.C. § 106(a).

23    "[P]lans, specifications, and estimates" refers to technical plans and other engineering details

24    attached to a particular construction project, a term of art known as "PS&E." *See* 23 C.F.R.

25    § 630.205(b) (FHWA regulation requiring that "[p]lans and specifications" "describe the

26    location and design features and the construction requirements in sufficient detail to facilitate

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR PRELIMINARY
INJUNCTION -- No. 2:25-cv-00848-TL                    6                    ATTORNEY GENERAL OF WASHINGTON
                                                                                Environmental Protection Division
                                                                                800 Fifth Avenue STE 2000
                                                                                Seattle, WA 98104
                                                                                (206) 464-7744

1    the construction, the contract control and the estimation of construction costs of the project");

2    *e.g.*, O'Dea Declaration Ex. 1 (attaching PS&E for EV charging project to construction

3    authorization request). FHWA guidelines likewise define "Plans" as "instructions using

4    drawings containing engineering data or details pertaining to geometrics, drainage, structures,

5    soils and pavements and other appurtenances." Supp. Brown Decl. Ex. 2. Even if PS&E could

6    somehow include NEVI State Plans, Defendants have delegated approval responsibility over

7    PS&E to States. Section 106(c) allows States to "assume the responsibilities of the Secretary

8    under this title for design, plans, specifications, estimates, contract awards, and inspections

9    with respect to the projects. . . ." 23 U.S.C. § 106(c). All States have assumed responsibility for

10    approving PS&E for federal highway projects. Supp. Brown Decl. Ex. 3-4.

11          **4.**      **Defendants' actions are arbitrary and capricious**

12          Defendants do not seriously dispute that their actions are arbitrary and capricious.

13    Dkt. #93 pp. 12-15. Their sole rationale—that new "policy and priorities" compel them to

14    update the guidance—fails. *Id.* p.5. Defendants lack authority to force States to conform their

15    approved State Plans to new guidance, Supp. Brown Decl. Ex. 1, so the guidance revision

16    cannot justify Defendants' decision to revoke State Plans and prohibit new obligations.

17    Additionally, Defendants nowhere explain why or how their new policies and priorities would

18    so alter State Plans that Defendants must revoke them and withhold funds. While Defendants

19    may revise the guidance to implement their priorities within statutory bounds, their actions

20    here—revoking all approved State Plans for all prior fiscal years and categorically withholding

21    apportioned funds from obligation—are unreasonably disproportionate to the explanation

22    provided.

23          Defendants also arbitrarily neglected to consider Plaintiffs' longstanding reliance

24    interests in approved State Plans and the faithful administration of the IIJA. Defendants' only

25    response is to claim they appropriately "balanced" these interests by allowing "previously

26    incurred obligations to proceed" while the NEVI program is suspended. Dkt. #93 p.15. But that

1  "balance" disregards altogether Plaintiffs' reliance on unobligated—but statutorily mandated

2  and apportioned—funds. Plaintiffs rely on NEVI funds before obligation, as contemplated by

3  the statutory scheme, and as shown by Plaintiffs' significant investment in developing State

4  Plans, running solicitations, and entering into binding awards based on the availability of those

5  funds. Dkt. #5 pp.13-14, 19-22. Defendants incorrectly assert that States may not enter into

6  agreements prior to FHWA authorizing obligations, Dkt. #93 p.11, when in fact, federal law

7  allows states to utilize an Advanced Construction process, under which eligible projects and

8  expenses are pre-approved so agencies can contract in reliance on federal funding, prior to

9  obligating funds. *See "Advance Construction of Federal-Aid Projects"* 73 Fed. Reg. 50194

10 (Aug. 26, 2008). Several Plaintiffs were in the process of executing or have executed contracts

11 for NEVI projects in reliance on their apportioned, but not yet obligated, funds. Collins-

12 Worachek Decl. ¶12; de Alba Decl. ¶10; Kelly Decl. ¶12; Toor Decl. ¶11. Yet Defendants

13 never claim to have considered these reliance interests before revoking State Plans and

14 prohibiting new obligations.

15        **5.        Defendants acted "without observance of procedure required by law"**

16        Plaintiffs argue that Defendants violated the APA by failing to observe the procedures

17 required to withhold NEVI funds. Defendants fail to address this argument, thereby conceding

18 it. *See Fair v. King County*, No. 2:21-cv-01706-JHC, 2025 WL 1031274, at *15 (W.D. Wash.

19 Apr. 7, 2025); *accord Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 (9th Cir. 2005).

20        **6.        Defendants violated separation-of-powers principles**

21        Defendants' refusal to distribute congressionally appropriated NEVI funds to the States

22 violates separation-of-powers principles. Defendants distort Plaintiffs' separation-of-powers

23 arguments and established caselaw by arguing that the Supreme Court precluded Plaintiffs'

24 constitutional claims in *Dalton v. Specter*, 511 U.S. 462 (1994). But the claim at issue in

25 *Dalton*—that the President *exceeded his statutory authority*—is entirely distinguishable from

26 this case, where Defendants *lack any authority* to refuse to spend congressionally appropriated

1    NEVI funds. *See City & Cnty. of San Francisco v. Trump*, 897 F.3d 1225, 1233-4 (9th Cir.

2    2018) ("[W]hen it comes to spending, the President has none of 'his own constitutional

3    powers' to 'rely' upon.") (quoting *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 637

4    (1952)). Constitutional claims remain viable where, as here, "a plaintiff claims that the

5    President has 'violat[ed] . . . constitutional separation of powers principles' because the

6    President's action lacked both 'statutory authority' and 'background constitutional authority.'"

7    *Murphy Co. v. Biden*, 65 F.4th 1122, 1130 (9th Cir. 2023) (quoting *Sierra Club v. Trump*, 929

8    F.3d 670, 696–97 (9th Cir. 2019)). Indeed, numerous courts across the country have rejected

9    similar recent attempts by the Executive to misapply *Dalton*. *See, e.g.*, *Am. Fed'n of Gov't*

10   *Emps.*, *v. Trump*, No. 25-cv-03698-SI, 2025 WL 1482511, at *19 (N.D. Cal. May 22, 2025);

11   *Chicago Women in Trades v. Trump*, No. 25 C 2005, 2025 WL 1331743, at *4–5 (N.D. Ill.

12   May 7, 2025).

13         Further, Defendants misstate Plaintiffs' separation-of-powers claim by asserting that it

14   "seeks to enforce the Impoundment Control Act." Dkt. #93 p.17. Not so. Well-settled,

15   controlling precedent makes clear that "[a]side from the power of veto, the President is without

16   [constitutional] authority to thwart congressional will by canceling appropriations passed by

17   Congress. Simply put, 'the President does not have unilateral authority to refuse to spend []

18   funds.'" *City & Cnty. of San Francisco*, 897 F.3d at 1232 (quoting *In re Aiken County*, 725

19   F.3d 255, 261 n.1 (D.C. Cir. 2013)). Plaintiffs cite the Impoundment Control Act to emphasize

20   the extent to which Congress intentionally limited the ability of the President to withhold funds

21   and to further highlight that it is Congress, not the President, who has the power of the purse.

22   But Plaintiffs do not and need not rely on the Act for judicially enforceable rights. Dkt. #5

23   p. 17; Dkt. #93 p.17. Defendants cite no authority for the proposition that the Impoundment

24   Control Act somehow precludes separation-of-powers claims.

25

26

1    **B.    Plaintiffs Face Irreparable Harm Absent a Preliminary Injunction**

2         Against Plaintiffs' extensive evidence detailing irreparable harms to their EV

3    infrastructure programs' projects, operations, and policy goals, Defendants offer only legal

4    argument, not contrary evidence. Defendants' primary argument—that Plaintiffs' harm is

5    "economic" and therefore not irreparable, Dkt. #93 p.22—ignores controlling case law

6    recognizing economic injuries are irreparable where there is no means of recovering damages.

7    *East Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 677 (9th Cir. 2021) ("[W]here parties

8    cannot typically recover monetary damages flowing from their injury—as is often the case in

9    APA cases—economic harm can be considered irreparable."); *cf.* Dkt. #93 p.10, n.1

10   (acknowledging Plaintiffs do not raise contract claims for which damages are available). Thus,

11   even for economic injury, Plaintiffs have no remedy at law.

12        Defendants ignore all the intangible harms Plaintiffs identified, including delayed and

13   cancelled EV infrastructure projects, state agencies' operational confusion and budgetary

14   uncertainty, and industry partners refusing to participate in State-run solicitations. de Alba

15   ¶¶16-24; Kearns Decl. ¶¶25-26; Kelly Decl. ¶¶21-22; Meredith Decl. ¶¶37, 39-40; Pietz Decl.

16   ¶¶30-31; Pines Decl. ¶¶22-23; Ruder Decl. ¶¶11-15; *see also* O'Dea Decl. ¶¶6, 8. Federal

17   courts have found similar intangible harms to State programs caused by categorical and

18   indefinite federal funding freezes are irreparable, yet Defendants barely acknowledge those

19   harms. *See, e.g.*, *New York v. Trump*, No. 25-cv-39-JJM-PAS, 2025 WL 715621, at *13-15

20   (D.R.I. Mar. 6, 2025); *Pacito*, 2025 WL 655075, at *23. Such evidence of current, ongoing

21   harms also belies Defendants' claim that Plaintiffs cannot be harmed before FHWA declines to

22   obligate funds, *see supra,* Section II.A.1.

23        Defendants disregard Plaintiffs' evidence that NEVI funds are an irreplaceable majority

24   of several Plaintiffs' EV infrastructure programs, such that Defendants' actions halt EV

25   infrastructure expansion altogether. Collins-Woracheck Decl. ¶4, Patel Decl. ¶19, Pietz Decl.

26   ¶29. For all Plaintiffs, the costs of delay and increased administrative burden permanently

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR PRELIMINARY
INJUNCTION -- No. 2:25-cv-00848-TL                    10                    ATTORNEY GENERAL OF WASHINGTON
                                                                           Environmental Protection Division
                                                                           800 Fifth Avenue STE 2000
                                                                           Seattle, WA 98104
                                                                           (206) 464-7744

1   erode the share of Plaintiffs' NEVI allocations that can fund project construction. Dkt. #5

2   pp.21-22. Again, Defendants' dismissive characterization of such harm as "economic," Dkt.

3   #93 p.23, is inadequate: Because Plaintiffs "have no vehicle for recovery" of funds wasted on

4   accommodating Defendants' unlawful actions, that loss is irreparable. *East Bay Covenant*

5   *Sanctuary*, 993 F.3d at 677. Defendants' bald assertion that the "pause" is "temporary" does

6   not alter this fact, especially given the open-ended nature of the pause. The FHWA Letter

7   stated that Defendants "aim[ed]" to publish the draft guidance for comment "in the spring,"

8   FHWA Letter at 2, and Defendants' declaration offers even less assurance, Biondi Decl. ¶16.

9   *See New York v. Trump*, 2025 WL 715621, at *13 (court "not reassured" by "vague promise"

10  that funding freeze "will end eventually").

11          As for Plaintiffs' reputational and sovereign harms, far from relying on "unsupported

12  speculation" or an "attenuated chain of possibilities," Dkt. #93 p.23, Plaintiffs have presented

13  concrete evidence of ongoing loss of industry confidence, including private partners and site

14  hosts dropping out of projects and state agencies suspending solicitations due to concerns over

15  fund availability. Dkt. #5 pp.20-21; *see also* O'Dea Decl. ¶6. And although the worst

16  "greenhouse gas pollution, air toxics inhaled, and unrealized job creation" may be yet to come,

17  Dkt. #93 p.23, Defendants' unlawful actions impede Plaintiffs' sovereign pursuit of their

18  environmental, health, transportation, and economic policies now—itself an irreparable harm.

19  Dkt. #5 p.18.

20          Finally, Plaintiffs did not "wait[] too long to seek preliminary relief." Dkt. #93 p.21.

21  Most of the cases Defendants cite involve plaintiffs who moved for injunctions years, not

22  weeks, after the challenged action. *Benisek v. Lamone*, 585 U.S. 155, 160 (2018) (six years);

23  *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1375, 1377 (9th Cir. 1985)

24  ("many years"); *Lydo Enters., Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984)

25  ("five years"). Indeed, in *ARC of California v. Douglas*, the court rejected defendants' delay

26

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR PRELIMINARY
INJUNCTION -- No. 2:25-cv-00848-TL

11

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744

argument where one statute challenged by plaintiffs "was passed *only months* before. . . ." 757
F.3d 975, 990 (9th Cir. 2014) (emphasis added).

Here, Plaintiffs filed suit—and immediately sought injunctive relief—only 37 days
after FHWA confirmed it had rejected California's construction authorization request based on
the FHWA Letter. *See* Lam Decl. ¶¶10-11. Because "the magnitude of the potential harm
[became] apparent gradually," it was "prudent" to file after confirming the effect of FHWA's
unlawful actions. *Arc*, 745 F.2d at 990-91. As Defendants argue that Plaintiffs' claims are still
not ripe, Dkt. #93 pp.7-10, Defendants' accusations of delay ring particularly hollow.

## C.    The Balance of Equities Favor an Injunction

The balance of equities and public interest favor granting Plaintiffs' motion. Plaintiffs'
requested injunction, by its terms, would not "disrupt" or impact at all Defendants' "efforts to
finalize and promote NEVI guidance." Dkt. #93 p.24. Plaintiffs do not contest Defendants'
ability to promulgate new guidance. What Defendants may not, and never could do, is revoke
approved State Plans to require States to conform their planned EV infrastructure projects to
that forthcoming guidance. *See* s*upra*, Section II.A. Finally, Plaintiffs' requested injunction
differs from the injunction stayed in *Dep't of Educ. v. California*, 145 S. Ct. 966 (2025) (per
curiam). Nothing about the relief requested here requires Defendants to automatically disburse
funds or to abandon FHWA's normal oversight role in the NEVI Formula Program. *See, e.g.*,
23 C.F.R. §§ 635.309, 680.106 (FHWA must ensure projects conform to minimum regulatory
standards, satisfy environmental review requirements, and have rights-of-way to build); O'Dea
Decl. ¶¶9-10 & Ex. 1 (explaining contents of a construction authorization request). The
injunction would only confine Defendants' review to the normal technical, project-specific
considerations in statute and regulation.

## D.    No Bond Requirement or Stay Should Issue

The Court should waive a bond or require only a nominal amount. "Despite the
seemingly mandatory language, Rule 65(c) invests the district court with discretion as to the

1  amount of security required, if any." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir.

2  2009) (cleaned up). In public interest environmental cases, "[c]ourts routinely impose either no

3  bond or a minimal bond" to avoid effective denial of access to judicial review. *City of South*

4  *Pasadena v. Slater*, 56 F.Supp.2d 1106, 1148 (C.D. Cal. 1999). Here, Defendants have

5  withheld and continue to withhold large sums of congressionally committed funds, and "there

6  is no realistic likelihood of harm to [them] from enjoining [their] conduct." *Johnson*, 572 F.3d

7  at 1086. The requested injunction would serve only to require Defendants to adhere to the

8  formula fund process contemplated by Congress, while maintaining FHWA's normal, proper

9  oversight role prior to any actual obligation or disbursement. *Rodriguez v. Robbins*, 715 F.3d

10  1127, 1145 (9th Cir. 2013) (federal government "cannot suffer harm from an injunction that

11  merely ends an unlawful practice"). Accordingly, this Court should waive a bond or require

12  only a nominal amount. Likewise, the Court should also deny Defendants' cursory request to

13  stay the preliminary injunction because Defendants fail to address, and in any event would not

14  be able to meet, any of the stay factors.

### III.    CONCLUSION

16      Plaintiff States respectfully request that the Court grant their motion.

I certify that this memorandum contains
4153 words, in compliance with the Local
Civil Rules.

**NICHOLAS W. BROWN**
Attorney General for the State of Washington

*s/ Caitlin M. Soden*
CAITLIN M. SODEN, WSBA # 55457
LEAH A. BROWN, WSBA # 45803
TERA HEINTZ, WSBA #54921
CRISTINA SEPE, WSBA #53609
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104
(206) 464-7744
caitlin.soden@atg.wa.gov
leah.brown@atg.wa.gov
tera.heintz@atg.wa.gov

cristina.sepe@atg.wa.gov

*Attorneys for the State of Washington*

**ROB BONTA**
Attorney General for the State of California

By: */s/ Theodore A. McCombs*
THEODORE A. MCCOMBS, SBN 316243
Deputy Attorney General
ROBERT SWANSON, SBN 295159
Acting Supervising Deputy Attorney General
NATALIE COLLINS, SBN 338348
ELIZABETH JONES, SBN 326118
ELIZABETH SONG, SBN 326616
Deputy Attorneys General
(619) 738-9003
theodore.mccombs@doj.ca.gov

*Attorneys for the State of California*

**PHILIP J. WEISER**
Attorney General for the State of Colorado

By: */s/ Carrie Noteboom*
CARRIE NOTEBOOM, CBA # 52910
Assistant Deputy Attorney General
DAVID MOSKOWITZ, CBA # 61336
Deputy Solicitor General
JESSICA L. LOWREY, CBA # 45158
First Assistant Attorney General
SARAH WEISS, NYSBA # 4898805
Senior Assistant Attorney General
Ralph L. Carr Judicial Center
1300 Broadway, 10th Floor
Denver, CO  80203
(720) 508-6000
carrie.noteboom@coag.gov
david.moskowitz@coag.gov
jessica.lowrey@coag.gov
sarah.weiss@coag.gov
FAX: (720) 508-6040

*Attorneys for the State of Colorado*

**KRISTIN K. MAYES**
Attorney General for the State of Arizona

By: */s/ Lauren Watford*
LAUREN WATFORD, SBA # 037346
Assistant Attorney General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, Arizona 85004
(602) 542-3333
Lauren.Watford@azag.gov

*Attorneys for the State of Arizona*

**KATHLEEN JENNINGS**
Attorney General of the State of Delaware

By: */s/ Vanessa L. Kassab*
IAN R. LISTON, DSBA # 5507
Director of Impact Litigation
RALPH K. DURSTEIN III, DSBA # 0912
VANESSA L. KASSAB, DSBA # 5612
Deputy Attorneys General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

*Attorneys for the State of Delaware*

**BRIAN L. SCHWALB**
Attorney General

*/s/ Lauren Cullum*
LAUREN CULLUM, DCB # 90009436

**ANNE E. LOPEZ**
Attorney General for the State of Hawai'i

By: */s/ Kaliko'onālani D. Fernandes*
DAVID D. DAY, HSBA # 9427

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR PRELIMINARY
INJUNCTION -- No. 2:25-cv-00848-TL

14

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744

1    Special Assistant Attorney General
     Office of the Attorney General
2    for the District of Columbia
     400 6th Street, N.W., 10th Floor
3    Washington, D.C. 20001
     Email: Lauren.cullum@dc.gov
4
     *Attorneys for the District of Columbia*
5

6

7    **KWAME RAOUL**
     Attorney General for the State of Illinois
8
     */s/ Jason E. James*
9    JASON E. JAMES, ISBA ARDC #
     6300100 Assistant Attorney General
10   Office of the Attorney General
     Environmental Bureau
11   201 W. Pointe Drive, Suite 7
     Belleville, IL 62226
12   Phone: (217) 843-0322
     Email: jason.james@ilag.gov
13
     *Attorneys for the State of Illinois*
14
     **KEITH ELLISON**
15   Attorney General for the State of Minnesota

16   *s/ Peter N. Surdo*
     PETER N. SURDO, MSBA # 339015
17   Special Assistant Attorney General
     Environmental and Natural Resources
18   Division
     445 Minnesota Street, Suite 1800
19   Saint Paul, Minnesota 55101
     651-757-1061
20   peter.surdo@ag.state.mn.us

21   *Attorneys for the State of Minnesota*

22

23

24

25

26

Special Assistant to the Attorney General
KALIKOʻONĀLANI D. FERNANDES,
HSBA # 9964
Solicitor General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
david.d.day@hawaii.gov
kaliko.d.fernandes@hawaii.gov

*Attorneys for the State of Hawaiʻi*

**ANTHONY G. BROWN**
Attorney General for the State of Maryland

By: */s/ Steven J. Goldstein*
STEVEN J. GOLDSTEIN, MSBA #
1612130206
*Assistant Attorney General*
Office of the Attorney General of Maryland
200 Saint Paul Place, 20th Floor
Baltimore, MD 21202
(410) 576-6414
sgoldstein@oag.state.md.us

*Attorneys for the State of Maryland*

**MATTHEW J. PLATKIN**
Attorney General for the State of New Jersey

*/s/ Morgan L. Rice*
MORGAN L. RICE, NJSBA Bar #
018782012
JUSTINE M. LONGA, NJSBA Bar #
305062019
*Deputy Attorneys General*
RACHEL U. DOOBRAJH, NJSBA #
020952002
*Assistant Attorney General*
25 Market Street
Trenton, NJ 08625
(609) 696-4527
Morgan.Rice@law.njoag.gov
Justine.Longa@law.njoag.gov
Rachel.Doobrajh@law.njoag.gov

*Attorneys for the State of New Jersey*

1

**RAÚL TORREZ**
Attorney General for the State of New
2  Mexico

3  /s/ *Amy Senier*
AMY SENIER, MBA # 672912
4  Senior Counsel
New Mexico Department of Justice
5  P.O. Drawer 1508
Santa Fe, NM 87504-1508
6  505-490-4060
asenier@nmdoj.gov

7

*Attorneys for the State of New Mexico*

8

**DAN RAYFIELD**
9  Attorney General of the State of Oregon

10  /s/ *Sara D. Van Loh*
SARA D. VAN LOH OSB # 044398
11  Senior Assistant Attorney General
100 SW Market Street
12  Portland, Oregon 97201
Tel (971) 673-1880
13  Fax (971) 673-5000
Sara.VanLoh@doj.oregon.gov

14

*Attorneys for State of Oregon*

15

**CHARITY R. CLARK**
16  Attorney General of the State of Vermont

17  /s/ *Jonathan T. Rose*
JONATHAN T. ROSE, VBA # 4415
18  Solicitor General
Office of the Vermont Attorney General
19  109 State Street
Montpelier, VT 05609
20  (802) 828-3171
Jonathan.rose@vermont.gov

21

*Attorneys for Plaintiff State of Vermont*

22

23

24

25

26

**LETITIA JAMES**
Attorney General of the State of New York

/s/ *Kyle Burns*
KYLE BURNS, NYSBA # 5589940
Environmental Protection Bureau
28 Liberty Street
New York, NY 10005
(212) 416-8451

*Attorneys for the State of New York*

**PETER F. NERONHA**
Attorney General of Rhode Island

/s/ *Nicholas M. Vaz*
NICHOLAS M. VAZ, RIBA # 9501
Special Assistant Attorney General
Office of the Attorney General
Environmental and Energy Unit
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400 ext. 2297
nvaz@riag.ri.gov

*Attorneys for State of Rhode Island*

**JOSHUA L. KAUL**
Attorney General for the State of Wisconsin

s/ *Tressie K. Kamp*
TRESSIE KAMP, WI SBN # 1082298
Assistant Attorney General
Public Protection Unit
17 West Main Street
Madison, Wisconsin 53703
608-266-9595
tressie.kamp@wisdoj.gov

*Attorneys for Plaintiff State of Wisconsin*

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR PRELIMINARY
INJUNCTION -- No. 2:25-cv-00848-TL

16

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744