Honorable Tana Lin

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

STATE OF WASHINGTON, *et al.*,

                                  Plaintiffs,

and

SIERRA CLUB, *et al.*,

                          Plaintiff-Intervenors,

v.

UNITED STATES DEPARTMENT OF
TRANSPORTATION, *et al.*,

                                  Defendants.

Case No. 25-cv-00848-TL

DEFENDANTS' CONSOLIDATED
OPPOSITION TO PLAINTIFFS'
AND INTERVENORS' MOTIONS
FOR SUMMARY JUDGMENT

Noted for consideration:
October 8, 2025

DEFENDANTS' CONSOLIDATED OPPOSITION
TO PLAINTIFFS' AND INTERVENORS'
MOTIONS FOR SUMMARY JUDGMENT
Case No. 25-cv-00848-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C.  20005
(202) 598-7409

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................... ii

TABLE OF AUTHORITIES .......................................................................................... iii

INTRODUCTION ............................................................................................................ 1

ARGUMENT .................................................................................................................... 1

   A.  All Claims Are Moot. ......................................................................................... 1

   B.  Intervenors Have Not Established Entitlement To Nationwide Relief. ............... 4

   C.  The APA Claims Fail. ........................................................................................ 7

      1.  The Temporary NEVI Pause Did Not Mark The Consummation Of FHWA's Administrative Process. ......................................................... 7

      2.  FHWA's Actions Did Not Violate The APA. ......................................... 10

   D.  The Constitutional And Ultra Vires Claims Are Without Merit........................ 12

   E.  Vacatur is Not Appropriate Under the APA. .................................................... 13

CONCLUSION................................................................................................................ 15

DEFENDANTS' CONSOLIDATED OPPOSITION
TO PLAINTIFFS' AND INTERVENORS'
MOTIONS FOR SUMMARY JUDGMENT
Case No. 25-cv-00848-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C.  20005
(202) 598-7409

# TABLE OF AUTHORITIES

**Cases**

*Already, LLC v. Nike, Inc.*,
568 U.S. 85 (2013)..............................................................................................2

*Alvarez v. Smith*,
558 U.S. 87 (2009)..............................................................................................2

*California v. Texas*,
141 S.Ct. 2104 (2021)........................................................................................15

*Casillas v. Madison Ave. Associates, Inc.*,
926 F.3d 329 (7th Cir. 2019) ..............................................................................4

*Ciba–Geigy Corp. v. EPA*,
801 F.2d 430 (D.C. Cir. 1986)............................................................................8

*Citizens to Pres. Overton Park, Inc. v. Volpe*,
401 U.S. 402 (1971)..........................................................................................11

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983)..............................................................................................5

*City of San Diego v. Whitman*,
242 F.3d 1097 (9th Cir. 2001) ........................................................................8, 9

*Dalton v. Specter*,
511 U.S. 462 (1994)..........................................................................................13

*Dep't of Com. v. New York*,
588 U.S. 752 (2019)..........................................................................................11

*Deutsche Bank Nat. Tr. Co. v. F.D.I.C.*,
744 F.3d 1124 (9th Cir. 2014) ............................................................................4

*DeVillier v. Texas*,
601 U.S. 285 (2024)..........................................................................................13

*Doran v. Salem Inn, Inc.*,
422 U.S. 922 (1975)..........................................................................................13

iii

DEFENDANTS' CONSOLIDATED OPPOSITION
TO PLAINTIFFS' AND INTERVENORS'
MOTIONS FOR SUMMARY JUDGMENT
Case No. 25-cv-00848-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C.  20005
(202) 598-7409

*FCC v. Prometheus Radio Project,*
592 U.S. 414 (2021) .................................................................................................... 11

*Hunt v. Imperial Merch. Services, Inc.,*
560 F.3d 1137 (9th Cir. 2009) ..................................................................................... 4

*Lujan v. Defs. of Wildlife,*
504 U.S. 555 (1992) ..................................................................................................... 6

*Madsen v. Women's Health Ctr., Inc.,*
512 U.S. 753 (1994) .................................................................................................... 15

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.,*
463 U.S. 29 (1983) ...................................................................................................... 11

*Murphy v. Hunt,*
455 U.S. 478 (1982) ..................................................................................................... 2

*Rhode Island v. Mass.,*
37 U.S. 657 (1838) ................................................................................................. 13, 14

*Rosebrock v. Mathis,*
745 F.3d 963 (9th Cir. 2014) ....................................................................................... 2

*S. California All. of Publicly Owned Treatment Works v. EPA,*
8 F.4th 831 (9th Cir. 2021) .......................................................................................... 9

*TransUnion LLC v. Ramirez,*
594 U.S. 413 (2021) ..................................................................................................... 4

*Trump v. CASA, Inc.,*
606 U.S. 831 (2025) .................................................................................................... 14

*United States v. Texas,*
599 U.S. 670 (2023) ............................................................................................ 13, 14, 15

**Statutes**

5 U.S.C. § 704 ............................................................................................................... 7

23 U.S.C. § 106(a)(3) .................................................................................................... 8

DEFENDANTS' CONSOLIDATED OPPOSITION
TO PLAINTIFFS' AND INTERVENORS'
MOTIONS FOR SUMMARY JUDGMENT
Case No. 25-cv-00848-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
(202) 598-7409

Infrastructure Investment and Jobs Act,
Pub. L. No. 117-58, 135 Stat. 429 (2021) ................................................................................ 8, 10

**Regulations**

23 CFR § 680.106(h) ...................................................................................................................... 9

23 CFR § 680.112(d) ...................................................................................................................... 9

v

DEFENDANTS' CONSOLIDATED OPPOSITION
TO PLAINTIFFS' AND INTERVENORS'
MOTIONS FOR SUMMARY JUDGMENT
Case No. 25-cv-00848-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C.  20005
(202) 598-7409

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

## INTRODUCTION

Plaintiffs sued to enjoin the Federal Highway Administration's ("FHWA") decision to temporarily pause the National Electric Vehicle Infrastructure ("NEVI") Formula Program while it reviewed and updated past guidance. Since this lawsuit was filed, FHWA has issued updated guidance that streamlines NEVI Program requirements. All 21 Plaintiff States and all but two of the non-plaintiff States have submitted deployment plans pursuant to the updated guidance.[1] FHWA has approved 41 of the submitted deployment plans, including those of 17 Plaintiff States, and it expects to act on the remaining plans promptly. Because the temporary NEVI pause has been lifted and the States that are part of this litigation either already can or will soon likely be able to fully access available NEVI funds, the issues in this case are moot.

In any event, all claims fail on the merits. FHWA acted within the bounds of its statutory authority in temporarily pausing new obligations while it reviewed and updated NEVI Program guidance. Plaintiffs' and Intervenors' APA and constitutional challenges, which purport to limit FHWA's authority, fail.

## ARGUMENT

### A. All Claims Are Moot.

Plaintiffs' Motion re-affirms the crux of this litigation: Plaintiffs seek access to the "$5 billion [NEVI funds to] be apportioned under a statutory formula and distributed to States to develop a nationwide network of electric vehicle charging infrastructure." Pls' Mot. for Summ. Judg. ("Pls' Mot."), ECF No. 142, at 1; Intervs' Mot. for Summ. Judg. ("Intervs' Mot."), ECF No. 150, at 1 ("For more than six months, Defendants have obstructed States' efforts to build a nationwide electric vehicle (EV) charging network by freezing billions of dollars that Congress appropriated for that task."). Defendants have now issued updated guidance, all Plaintiff States

---

[1] In this consolidated opposition, the term "States" refers to all 52 jurisdictions eligible to receive NEVI funding, including Washington, D.C. and Puerto Rico.

1

DEFENDANTS' CONSOLIDATED OPPOSITION
TO PLAINTIFFS' AND INTERVENORS'
MOTIONS FOR SUMMARY JUDGMENT
Case No. 25-cv-00848-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
(202) 598-7409

have submitted deployment plans under the updated guidance, and 41 States—including 17 of the 21 Plaintiff States—have obtained FHWA approval for deployment plans submitted pursuant to the updated guidance. *See* Emily Biondi Suppl. Decl. ("Biondi Suppl. Decl.") ¶¶ 5–6. It is undisputed that all States with approved plans currently have the same access to NEVI funds as they did before the events of this lawsuit occurred. All claims for those States are thus moot (and claims involving other States will soon be moot when those plans are acted upon).

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt,* 455 U.S. 478, 481 (1982)). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Id.* (quoting *Alvarez v. Smith*, 558 U.S. 87, 93 (2009)). In the Ninth Circuit, courts consider whether

> (1) the policy change is evidenced by language that is broad in scope and unequivocal in tone; (2) the policy change fully addresses all of the objectionable measures that the Government officials took against the plaintiffs in the case; (3) the case in question was the catalyst for the agency's adoption of the new policy"; (4) the policy has been in place for a long time when we consider mootness; and (5) since the policy's implementation the agency's officials have not engaged in conduct similar to that challenged by the plaintiff.

*Rosebrock v. Mathis*, 745 F.3d 963, 972 (9th Cir. 2014).

Defendants re-incorporate the mootness argument made in their Motion for Summary Judgment. *See* Defs' Mot. for Summ. Judg. ("Defs' Mot."), ECF No 141, at 5. As emphasized in Defendants' Motion, the revised NEVI Program guidance has granted all the relief that Plaintiffs and Intervenors seek. And as the Court noted, "injunctive relief [] will likely be

2

DEFENDANTS' CONSOLIDATED OPPOSITION
TO PLAINTIFFS' AND INTERVENORS'
MOTIONS FOR SUMMARY JUDGMENT
Case No. 25-cv-00848-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
(202) 598-7409

rendered moot once Defendants follow through on their stated intention to issue new NEVI

Formula Program guidance that comports with the current administration's policies, and states

submit their new state deployment plans." Prelim. Inj. Order, ECF No. 110, at 63. Not only

have Defendants "followed through on their stated intention to issue" updated guidance, but

Defendants have also diligently reviewed and acted on plans submitted pursuant to that guidance

and have resumed processing new obligation requests under the updated guidance framework.

*See generally* Biondi Suppl. Decl.

Specifically, since the updated guidance was published on August 11, 2025, States—

including 21 plaintiff States and 29 other States—have submitted deployment plans for FY22

through FY26 pursuant to the updated guidance. *Id*. ¶¶ 4–6. FHWA has approved 41 of those

plans and is working to promptly complete its review of the remaining plans. *Id*. ¶¶ 8, 11.

Defendants will provide updates when review is complete or as otherwise directed by the Court.

In sum, FHWA has asked all States to submit deployment plans that reflect the updated

guidance, and as the record establishes, all Plaintiff States and nearly all States generally have

done so. Most States have already obtained FHWA approval for those plans and have resumed

the obligation process. FHWA will continue to review and approve updated deployment plans

so long as they meet the statutory and regulatory requirements enumerated in the updated

guidance. *See* Defs' Mot. at 3 ("The [updated] guidance imposes no new requirements not

already set out in the statute or binding regulations."); *id*. at 6 ("FHWA will review and approve

those plans so long as they meet the statutory and regulatory requirements enumerated in the

updated guidance, all of which were already included in prior NEVI Program guidance.").

Defendants will provide updates to the Court on the status of the remaining plans currently under

review. At a minimum, Plaintiffs' and Intervenors' claims are prudentially moot because the

"circumstances have changed since the beginning of litigation that forestall any occasion for

3

DEFENDANTS' CONSOLIDATED OPPOSITION
TO PLAINTIFFS' AND INTERVENORS'
MOTIONS FOR SUMMARY JUDGMENT
Case No. 25-cv-00848-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
(202) 598-7409

meaningful relief." *Deutsche Bank Nat. Tr. Co. v. F.D.I.C.*, 744 F.3d 1124, 1135 (9th Cir. 2014) (quoting *Hunt v. Imperial Merch. Services, Inc.*, 560 F.3d 1137, 1142 (9th Cir. 2009)).

## B. Intervenors Have Not Established Entitlement To Nationwide Relief.

In any event, Intervenors' proposed nationwide relief is inappropriate. "[U]nder Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) (emphasis supplied). Stated differently, "Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions." *Id.* (quoting *Casillas v. Madison Ave. Associates, Inc.*, 926 F.3d 329, 332 (7th Cir. 2019)). Intervenors have failed to articulate concrete, nationwide harms because they have not established how they are harmed by DOT's actions with regard to *every* State.

The flaw in Intervenors' request for nationwide relief is clearest in Katherine Garcia's second supplemental declaration on behalf of the Sierra Club. *See* Garcia Sec. Suppl. Decl., ECF No. 151. The declaration includes a table that purportedly supports Intervenors' standing by outlining "how States' planned NEVI stations align with corridors that declarants plan or seek to use for EV travel across every NEVI jurisdiction." *See id.* ¶¶ 10–11. The declaration excludes Hawai'i, Rhode Island, and the District of Columbia based on the Court's preliminary injunction finding. *Id.* at 4 n.3. But the Court's finding as to those Plaintiff States was based on the Court's careful consideration of each Plaintiff States' submission of evidence regarding their infrastructure projects. *See* Prelim. Inj. Order at 19. Intervenors failed to conduct a similar analysis for non-party States and have not submitted evidence demonstrating that the NEVI Program pause has impacted any ongoing infrastructure projects in non-party States. The fact that Intervenors' constituents plan to travel along corridors in non-party States and that those

4

DEFENDANTS' CONSOLIDATED OPPOSITION
TO PLAINTIFFS' AND INTERVENORS'
MOTIONS FOR SUMMARY JUDGMENT
Case No. 25-cv-00848-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
(202) 598-7409

travel plans would be supported by a development of the EV charging grid in the abstract does not establish that the temporary NEVI Program pause in any way impacted deployment projects in any non-party State resulting in Article III injury to Intervenors—let alone an injury that applies *now* such that it could support future injunctive relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (Injunctive relief "is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a likelihood of substantial and immediate irreparable injury." (quotation and citation omitted)).

For example, as of February 2025, Florida had obligated approximately 7% of the available NEVI Program funds, *see* DOT_0118, and Intervenors have not submitted any evidence to show that Florida would have submitted additional obligations during the pause or that any deployment plans in Florida have been in any way impacted by the pause. Yet, Intervenors claim—without any attempt to engage with the specifics of the deployment projects in that State—that lack of EV infrastructure in Florida has impeded constituents' travel plans. *See* Garcia Sec. Suppl. Decl. ¶ 7 ("I have upcoming longer-distance travel scheduled . . . These are trips I might prefer to take by electric vehicle over plane if adequate [Florida] highway charging and travel time were available."). Intervenors also do not explain how they have suffered any injury in States that had not obligated any NEVI Program funds as of February 2025, such as Wyoming. *See* DOT_0118. Beyond speculation, Intervenors have not established that any lack of infrastructure in such States is in any way linked to the February 2025 NEVI Program pause. Indeed, Wyoming has not submitted any plans under the now-streamlined updated guidance, *see* Biondi Suppl. Decl. ¶ 7, and Intervenors do not explain how this Court could order that non-party States to submit plans or—even if the previous plans were restored— to obligate NEVI funds to address Intervenors' claimed injuries. Any dispute Intervenors have

5

DEFENDANTS' CONSOLIDATED OPPOSITION
TO PLAINTIFFS' AND INTERVENORS'
MOTIONS FOR SUMMARY JUDGMENT
Case No. 25-cv-00848-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C.  20005
(202) 598-7409

regarding those States' action or inaction should be addressed with the responsible State, not in this litigation. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) ("[T]here must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." (cleaned up)).

The Sierra Club declaration also excludes Massachusetts and Maine "because they have obligated all their NEVI funds." Garcia Second Suppl. Decl. at 4 n.4. This exclusion crystallizes that Intervenors cannot establish any concrete or particularized injury traceable to Defendants' alleged actions or redressable by the relief sought. For starters, Intervenors ignore that obligation of portions of NEVI Program funds on a program-by-program basis or of all funds on a block basis differs across the States. For example, Massachusetts and Maine chose to obligate all of their apportioned NEVI Program funds as soon as they were available. As a result, those States were not impacted by the February 2025 obligation pause on new NEVI Program obligations. *See* DOT_0118. Yet, in a generalized and conclusory fashion, Intervenors continue to rely on travel in these States as a basis for standing. *See, e.g.*, Kent Minault Decl., ECF No. 77, at 186 ¶ 14 ("Depending on the availability of fast chargers on the route . . . I'd continue through Ohio, Pennsylvania, New York, and Vermont to Massachusetts, and up through New Hampshire into Canada—before returning to Tennessee by way of Vermont, New York, Pennsylvania, Maryland, West Virgina, and Virginia."); Kent Minault Suppl. Decl., ECF No. 154, ¶¶ 6, 12 (describing corridors in Maine and Massachusetts as "essential to [the] ability to travel by EV in the Southeast and beyond" and claiming that "[w]ithout the NEVI investment, I may not be able to complete long distance trips"). Intervenors cannot discern any Article III injury from their generalized claim that they are interested in EV infrastructure development at an organizational level. Although Intervenors claim that the NEVI Program is intended to

6

DEFENDANTS' CONSOLIDATED OPPOSITION
TO PLAINTIFFS' AND INTERVENORS'
MOTIONS FOR SUMMARY JUDGMENT
Case No. 25-cv-00848-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
(202) 598-7409

bolster their shared goal, they have failed to concretely establish that the February 2025 NEVI Program pause impacted any specific infrastructure projects in the non-party States, let alone on a time frame relevant to this dispute. Vague references to planned trips and to the hope that the EV charging grid will be sufficiently developed to support those travel plans does not sufficiently establish that the NEVI Program pause caused any delays in that infrastructure build-out.

In short, Intervenors cannot satisfy Article III requirements because all States are now able to submit plans pursuant to the updated final guidance and access NEVI funds. *See* Biondi Decl. ¶¶ 3, 4, 9. Any claimed injury stemming from the insufficiency of the EV charging grid is, therefore, not traceable to the status of the NEVI Program, nor is it redressable by any of the relief requested. Indeed, all but two States have submitted Plans, FHWA has already approved 41 of the 50 submitted Plans, and FHWA's review of the remaining nine plans is ongoing. *Id.* ¶¶ 5, 6, 8, 11. To the extent Intervenors complain about a State's failure to submit a plan pursuant to the updated guidance or failure to obligate additional funds, those claims must be asserted against the States. NEVI funds are fully available for all fiscal years covered by the Program. Defendants do not have any control over that States' decisions to participate (or not participate) in the NEVI Program, including the decision to obligate NEVI funds.

### C. The APA Claims Fail.

#### 1. The Temporary NEVI Pause Did Not Mark The Consummation Of FHWA's Administrative Process.

Defendants maintain that the temporary NEVI pause did not constitute final agency action reviewable under the APA. *See* 5 U.S.C. § 704 ("A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of

7

DEFENDANTS' CONSOLIDATED OPPOSITION
TO PLAINTIFFS' AND INTERVENORS'
MOTIONS FOR SUMMARY JUDGMENT
Case No. 25-cv-00848-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
(202) 598-7409

the final agency action.").  As the updated guidance demonstrates, the temporary NEVI pause

did not constitute FHWA's "definitive position."  Pls' Mot. at 11; *see also* Inters' Mot. at 7.

First, FHWA's actions in February 2025 did not mark the consummation of the agency's

decision-making process with respect to the NEVI Program.  *See* Defs' Mot. at 17.  FHWA's

interim decision to pause the NEVI Program while it updated guidance has been subsumed by its

approval of State plans under the updated guidance and its processing of new obligation requests.

In claiming that the temporary NEVI pause constitutes final agency action, Plaintiffs ignore the

pre-requisites for the expenditure of NEVI funds.  *See* Pls' Mot. at 11. The IIJA requires that

FHWA issue NEVI Program guidance, that States submit deployment plans to FHWA, and that

FHWA approves State deployment plans.  *See* Pub. L. No. 117-58, 135 Stat. 429, 1422–23

(2021).  Once FHWA approves a deployment plan, the State may obligate its apportioned funds,

but it may only expend funds upon the execution of a project agreement with FHWA. *See* 23

U.S.C. § 106(a)(3).  FHWA's update to the general framework under which the NEVI Program

functions merely constituted a preliminary step that does not mark the consummation of its

administrative process. *See City of San Diego v. Whitman*, 242 F.3d 1097, 1102 (9th Cir. 2001)

(considering whether agency action was "subject to further agency consideration or possible

modification" in ascertaining finality (quoting *Ciba–Geigy Corp. v. EPA*, 801 F.2d 430, 436–37

(D.C. Cir. 1986)).

Moreover, the temporary NEVI pause was not action from which rights or obligations

were determined, or from which legal consequences flowed.  *See* Defs' Mot. at 18.  The updated

guidance streamlines NEVI Program administration by providing States more flexibility and

eliminating unnecessary burdens that went beyond the statutory and regulatory requirements.

*See* Interim Final Guidance.  The guidance requires the State deployment plans to provide (1)

"[a] description of how the State intends to use NEVI Program funds for each fiscal year;" (2)

8

DEFENDANTS' CONSOLIDATED OPPOSITION
TO PLAINTIFFS' AND INTERVENORS'
MOTIONS FOR SUMMARY JUDGMENT
Case No. 25-cv-00848-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C.  20005
(202) 598-7409

"[a] Community Engagement Outcomes Report, per 23 CFR 680.112(d);" and (3) "[a] description of physical and cybersecurity strategies, per 23 CFR 680.106(h)." *See* Interim Final Guidance at 3. The updated guidance provides that FHWA will only review deployment plans for these three requirements and will approve the plans if the three requirements are satisfied. *Id*.

The dire consequences Plaintiffs predicted never materialized. *See* Am. Compl., ECF No. 124, ¶ 122 ("The FHWA's actions are consistent with multiple executive orders that demonstrate that this Administration's policy goals conflict with the NEVI Formula Program itself, and the recission of the NEVI Formula Program Guidance represents mere pretext for the FHWA's real objective—implementing the President's directive to illegally withhold NEVI Formula Program funds."); *id*. ¶ 124 ("The FHWA lacks authority under the IIJA to withhold NEVI Formula Program funds from States except in the exclusive circumstances expressly set forth by Congress in the IIJA. It thus contrived a way to implement the President's directive—in direct conflict with the statute and without lawful and reasoned explanation for its actions.").

Instead, the temporary NEVI pause was overtaken by FHWA's issuance of updated guidance, which both simplifies the State plan approval process and provides the States with more deployment flexibility. Indeed, 21 Plaintiff States and 29 non-party States have submitted plans pursuant to the updated guidance. *See* Biondi Suppl. Decl. ¶¶ 5, 6. And with approved plans, the States are able to submit new obligation requests. *See S. California All. of Publicly Owned Treatment Works v. EPA*, 8 F.4th 831, 836 (9th Cir. 2021) ("[A]n agency action is not final when subsequent agency decision making is necessary to create any practical consequences." (citing *City of San Diego v. Whitman*, 242 F.3d 1097, 1102 (9th Cir. 2001)). FHWA's now-complete issuance of updated guidance, its approval of deployment plans under that guidance, its approval of requests for obligation, and its approval of specific funding requests are all prerequisites to disburse funds. That subsequent history illustrates that the

9

DEFENDANTS' CONSOLIDATED OPPOSITION
TO PLAINTIFFS' AND INTERVENORS'
MOTIONS FOR SUMMARY JUDGMENT
Case No. 25-cv-00848-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
(202) 598-7409

temporary pause was just that, temporary, and was not final agency action that persists now. Plaintiffs' speculation regarding the temporary pause and updated guidance exemplifies the lack of finality in Defendants' actions—indeed, that speculation was ultimately disproven by the streamlined guidance that Plaintiffs are now implementing.

### 2. FHWA's Actions Did Not Violate The APA.

Defendants' role under the IIJA is neither routine nor ministerial. *See* Pls' Mot. at 15. The IIJA requires that FHWA "develop guidance for States and localities to strategically deploy electric vehicle charging infrastructure," and in doing so, the IIJA affords FHWA the authority to consider "any [] factors" it deems necessary. 135 Stat. at 1423. As a result, while the IIJA appropriates funds for the NEVI Program and establishes general Program goals, the statute affords FHWA the authority to set the Program's terms and conditions. States are required to submit deployment plans and may only obligate funds once FHWA approves their deployment plans. And as the Court noted, FHWA has the authority to review and amend past guidance. *See* Prel. Inj. Ord. at 41 ("[T]he Court agrees with Defendants that barring an agency from revising previously promulgated guidance 'would mean that agencies could never correct past actions, and instead would be perpetually bound by policies with which they disagree.'" (citing ECF No. 93 at 19)).

Contrary to Plaintiffs' suggestion, FHWA's statutory authority includes the right to suspend past guidance, rescind approval of State plans, and temporarily pause new obligations. Pls' Mot. at 15. As noted in Defendants' Motion, Congress required the issuance of guidance for a program that extends across multiple administrations and delegated the issuance of that guidance to the agency tasked with administering the program. *See* Defs' Mot. at 14. Had Congress intended for administrations to merely acquiesce to the initial guidance, it would have expressly authorized such statutory language by providing that FHWA could only issue guidance

10

DEFENDANTS' CONSOLIDATED OPPOSITION
TO PLAINTIFFS' AND INTERVENORS'
MOTIONS FOR SUMMARY JUDGMENT
Case No. 25-cv-00848-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
(202) 598-7409

once. Instead, the IIJA granted FHWA significant discretion in implementing the NEVI Program

and setting its policies and priorities.  This authority necessarily includes the right to briefly

suspend State plans and pause new obligations while the agency updates the congressionally

required guidance, and all claims purporting to sidestep with that authority fail.

Plaintiffs argue that "Defendants acted arbitrarily and capriciously because they did not

adequately explain their actions, relied on factors Congress didn't intend for them to consider,

and entirely failed to consider reliance interests or alternatives."  Pls' Mot. at 17.  But Plaintiffs

ignore that under the arbitrary or capricious standard, an agency's decision is presumed valid,

and a court reviews only whether that decision "was based on a consideration of the relevant

factors and whether there has been a clear error of judgment." *Citizens to Pres. Overton Park,*

*Inc. v. Volpe*, 401 U.S. 402, 416 (1971), *abrogated on other grounds by Califano v. Sanders*, 430

U.S. 99, 105 (1977).  Review is "deferential," *Dep't of Com. v. New York*, 588 U.S. 752, 773

(2019), and simply examines whether the agency's decision "was the product of reasoned

decisionmaking." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463

U.S. 29, 52 (1983). And "a court is not to substitute its judgment for that of the agency." *Id*. at

43.

Because Defendants' decision to temporarily pause the NEVI Program was both

reasonable and reasonably explained, *FCC v. Prometheus Radio Project*, 592 U.S. 414, 417

(2021), it satisfies the deferential arbitrary and capricious standard.  *See also* Defs' Mot. at 20.

FHWA's February 2025 letter explains that the temporary NEVI pause was driven by the need to

re-align the NEVI Program with the policies and priorities of the current administration.

DOT_0120.  This reasoning was sufficient to clear the minimal arbitrary and capricious

threshold.  And the updated guidance clearly demonstrates that FHWA's review of past guidance

was limited to the elimination of requirements that exceed the IIJA text and that impede the

11

DEFENDANTS' CONSOLIDATED OPPOSITION
TO PLAINTIFFS' AND INTERVENORS'
MOTIONS FOR SUMMARY JUDGMENT
Case No. 25-cv-00848-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C.  20005
(202) 598-7409

States' ability to deploy infrastructure on their own terms. *See* Interim Final Guidance. Moreover, unlike Plaintiffs suggest, FHWA considered reliance interests in determining that existing obligations would remain unaffected. DOT_0120.

Additionally, Plaintiffs' procedural claim fails because the IIJA provisions for withholding or withdrawing NEVI funds are inapplicable. *See* Pls' Mot. at 21. FHWA made the threshold decision to update NEVI Program guidance pursuant to its authority to issue guidance and administer State deployment plans. This decision was independent of States' submission of deployment plans under previously issued guidance and is unrelated to States' performance under those guidance documents. *See* Defs' Mot. at 21.

All in all, Defendants reviewed and updated past guidance pursuant to their statutory discretion. Since February 2025, Defendants issued updated guidance that streamlines the NEVI Program by eliminating the additional requirements imposed by the previous administration. And States have been quick to take advantage of this simplified framework. *See* Biondi Suppl. Decl. ¶¶ 5, 6. Because Defendants' actions were within the bounds of their statutory authority, the arbitrary and capricious and procedural claims fail.

**D. The Constitutional And Ultra Vires Claims Are Without Merit.**

Defendants re-incorporate their summary judgment argument on this point. *See* Defs' Mot. at 21. For the reasons set forth in Defendants' opening brief and above, FHWA's temporary NEVI pause was well within the bounds of its statutory authority. And the IIJA's procedures for withdrawal and withholding of funds are inapplicable because FHWA temporarily paused the NEVI Program while it reviewed and updated past guidance. There has been no withdrawal or withholding—since its issuance of updated guidance, FHWA has resumed processing obligation requests.

DEFENDANTS' CONSOLIDATED OPPOSITION
TO PLAINTIFFS' AND INTERVENORS'
MOTIONS FOR SUMMARY JUDGMENT
Case No. 25-cv-00848-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
(202) 598-7409

Moreover, Plaintiffs' Motion crystallizes that the constitutional and *ultra vires* claims are merely improper re-packaging of the APA claims.  *See* Pls' Mot. at 22 ("Defendants' actions to categorically withhold NEVI funds, contrary to statutory direction, violate bedrock separation-of-powers principles and the Take Care Clause."); Intervs' Mot. at 8 ("Defendants' actions ignore statutory constraints on agency action and are unconstitutional.").  "Constitutional rights do not typically come with a built-in cause of action to allow for private enforcement in courts. Instead, constitutional rights are generally invoked defensively in cases arising under other sources of law, or asserted offensively pursuant to an independent cause of action designed for that purpose." *DeVillier v. Texas*, 601 U.S. 285, 291 (2024).  And "claims simply alleging that the President has exceeded his statutory authority are not 'constitutional' claims." *Dalton v. Specter*, 511 U.S. 462, 473 (1994).  The constitutional and *ultra vires* claims thus amount to little more than an attempt to re-state a statutory claim in constitutional parlance, and should therefore be rejected.

**E. Vacatur is Not Appropriate Under the APA.**

Vacatur constitutes an over-broad equitable remedy that exceeds any harm to the parties in this case.  *See* Pls' Mot. at 25; Intervs' Mot. at 9.  "Traditionally, when a federal court finds a remedy merited, it provides party-specific relief, directing the defendant to take or not take some action relative to the plaintiff.  If the court's remedial order affects nonparties, it does so only incidentally." *United States v. Texas*, 599 U.S. 670, 693 (2023) (Gorsuch, J., concurring); *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975) ("[N]either declaratory nor injunctive relief can directly interfere with enforcement of contested statutes or ordinances except with respect to the particular federal plaintiffs.").  "This tracks the founding-era understanding that courts 'render a judgment or decree upon the right of the litigant[s].'" *Texas*, 599 U.S. at 693 (Gorsuch, J., concurring) (quoting *Rhode Island v. Mass.*, 37 U.S. 657 (1838)).  This notion "ensures that

13

DEFENDANTS' CONSOLIDATED OPPOSITION
TO PLAINTIFFS' AND INTERVENORS'
MOTIONS FOR SUMMARY JUDGMENT
Case No. 25-cv-00848-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C.  20005
(202) 598-7409

federal courts respect the limits of their Article III authority to decide cases and controversies and avoid trenching on the power of the elected branches to shape legal rights and duties more broadly." *Id.* at 693–94.

As an initial matter, the APA does not permit vacatur of agency action, much less of an executive order. *See Texas*, 599 U.S at 695 (Gorsuch, J., concurring) (The APA "does not say anything about 'vacating' agency action ('wholesale' or otherwise)."). The history and structure of the APA do not support that the "set aside" language in Section 706(2) is synonymous to "vacate," but rather that "set aside" should be understood to mean that a court should "disregard" the action taken by the agency in determining the outcome of a case. *Id.* ("Routinely, a court will disregard offensive provisions like these and proceed to decide the parties' dispute without respect to them."). At the time of the APA's adoption, "conventional wisdom regarded agency rules as 'quasi-legislative' in nature." *Id.* at 696. Indeed, federal courts have "never enjoyed the power to 'vacate' legislation," but instead possessed "'little more than the negative power to disregard an unconstitutional enactment.'" *Id.* (citation omitted). Interpreting the APA to allow quasi-legislative rules to be vacated (rather than disregarded) would thus be inconsistent with the history of the APA.

Even if Section 706 could be read to authorize vacatur of agency action, "a district court should think twice—and perhaps twice again—before granting such sweeping relief." *Id.* at 702 (citations and internal quotation marks omitted). As the Supreme Court recently explained in *Trump v. CASA, Inc.*, 606 U.S. 831 (2025), there is no basis in equity for a universal injunction that goes beyond remedying the harms incurred by the plaintiffs who have brought the lawsuit. The Court has long recognized that "equitable relief must be limited to the inadequacy that produced [the] injury in fact" and "[a]ny remedy a judge authorizes must not be more burdensome [to the defendant] than necessary to redress the complaining parties." *Texas*, 599

14

DEFENDANTS' CONSOLIDATED OPPOSITION
TO PLAINTIFFS' AND INTERVENORS'
MOTIONS FOR SUMMARY JUDGMENT
Case No. 25-cv-00848-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C.  20005
(202) 598-7409

U.S. at 702 (Gorsuch, J., concurring) (cleaned up).  To grant universal relief under the auspices of vacatur "strains our separation of powers.  It exaggerates the role of the Judiciary in our constitutional order, allowing individual judges to act more like a legislature by decreeing the rights and duties of people nationwide." *Id.* at 703.  Accordingly, any equitable remedy applied in the nature of vacatur should apply only to the Plaintiff States.  *See California v. Texas*, 141 S.Ct. 2104, 2115 (2021) (remedies "ordinarily operate with respect to specific parties" rather than "on legal rules in the abstract") (citations and internal quotation marks omitted); *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 765 (1994) (observing that the "general rule" is that equitable relief "should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs.") (citations omitted).

Ultimately, vacatur of a now moot issue is particular inapt here, where the pause that was challenged here is over, new guidance—about which Plaintiffs have not identified any substantive concerns—has been issued, and new plans have been and are still being approved.

## CONCLUSION

Plaintiffs' and Intervenors' Motions for Summary Judgement should be denied, Defendants' Motion for Summary Judgment should be granted, and final judgment should be entered in Defendants' favor on all counts.

Dated:  September 30, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JOSEPH E. BORSON
Assistant Branch Director
Federal Programs Branch

15

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C.  20005
(202) 598-7409

_/s/ Heidy L. Gonzalez_
HEIDY L. GONZALEZ (FL Bar No. 1025003)
_Trial Attorney_
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel. (202) 598-7409
heidy.gonzalez@usdoj.gov

_Attorneys for Defendants_

_I certify that this memorandum
contains 4,797 words, in compliance
with the Local Civil Rules._

16

DEFENDANTS' CONSOLIDATED OPPOSITION
TO PLAINTIFFS' AND INTERVENORS'
MOTIONS FOR SUMMARY JUDGMENT
Case No. 25-cv-00848-TL

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
(202) 598-7409