1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

The Honorable Tana Lin

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

STATE OF WASHINGTON, et al.,

                  PLAINTIFFS,

    v.

U.S. DEPARTMENT OF
TRANSPORTATION, et al.,

                  DEFENDANTS.

NO.  2:25-cv-00848-TL

PLAINTIFF STATES' RESPONSE
TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AS
TO PLAINTIFFS' AND
INTERVENORS' CLAIMS
NOTE ON MOTION CALENDAR:
OCTOBER 8, 2025

ORAL ARGUMENT
REQUESTED

PLAINTIFF STATES'
 RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AS TO
PLAINTIFFS' AND INTERVENORS'
CLAIMS – NO. 2:25-CV-00848

1

**TABLE OF CONTENTS**

2

I.      INTRODUCTION.................................................................................................. 1

3

II.     ARGUMENT ....................................................................................................... 2

4

        A.    Plaintiff States' Claims Are Not Moot ...................................................... 2

5
6
        B.    Defendants Took Final Action in Revoking State Plans and Withholding
              Funds.......................................................................................................... 7

7

        C.    Defendants' Actions Exceeded Their Statutory Authority ......................... 9

8
9
              1.    Defendants exceeded their statutory authority by categorically freezing
                    the obligation of NEVI funds ...................................................... 10

10
              2.    Defendants exceeded their statutory authority by retroactively revoking
                    State Plans and withholding NEVI funds on this basis .................. 11

11

        D.    Defendants' Actions Were Arbitrary and Capricious................................ 12

12

        E.    Defendants' Actions Were Taken Without Observance of Lawful Procedure........ 14

13

        F.    Defendants' Actions Violate the Separation-of-Powers Doctrine and the Take
              Care Clause.............................................................................................. 14

14
15
III.    PLAINTIFF STATES HAVE DEMONSTRATED THEIR ENTITLEMENT TO
        VACATUR, INJUNCTIVE, AND DECLARATORY RELIEF ..................... 17

16

IV.     CONCLUSION ................................................................................................... 20

17

18

19

20

21

22

23

24

25

26

PLAINTIFF STATES'
 RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AS TO
PLAINTIFFS' AND INTERVENORS'
CLAIMS – NO. 2:25-CV-00848

i

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

# TABLE OF AUTHORITIES

## Cases

*Advanced Integrative Medicine Science Institute, PPLC v. Garland,*
    24 F.4th 1249 (9th Cir. 2022) ................................................................. 7

*Allied-Signal, Inc. v. United States Nuclear Regulatory Commission,*
    988 F.2d 146 (D.C. Cir. 1993) ........................................................ 17, 18

*Am. Bankers Ass'n v. Nat'l Credit Union Admin.,*
    934 F.3d 649 (D.C. Cir. 2019) ............................................................. 17

*Bennett v. Spear,*
    520 U.S. 154 (1997) ........................................................................... 7

*Bilbrey by Bilbrey v. Brown,*
    738 F.2d 1462 (9th Cir. 1984) ............................................................. 19

*Center for Food Safety v. Regan,*
    56 F.4th 648 (9th Cir. 2022) ............................................................... 18

*Child Trends, Inc. v. United States Dep't of Educ.,*
    No. CV 25-1154-BAH, 2025 WL 2379688 (D. Md. Aug. 15, 2025) ................. 16

*City & Cnty. of San Francisco v. Trump,*
    897 F.3d 1225 (9th Cir. 2018) ............................................................. 15

*Corner Post, Inc. v. Bd. of Govs. of Fed. Reserve Sys.,*
    603 U.S. 799 (2024) ......................................................................... 17

*Dalton v. Specter,*
    511 U.S. 462 (1994) ..................................................................... 15, 16

*DHS v. Regents of Univ. of Cal.,*
    591 U.S. 1 (2020) ....................................................................... 13, 14

*eBay Inc. v. MercExchange, L.L.C.,*
    547 U.S. 388 (2006) ......................................................................... 18

*FBI v. Fikre,*
    601 U.S. 234 (2024) ....................................................................... 5, 6

*Friends of the Earth v. Laidlaw Env't Servs. (TOC), Inc.,*
    528 U.S. 167 (2000) ....................................................................... 2, 5

*In re United Mine Workers of Am. Int'l Union,*
    190 F.3d 545 (D.C. Cir. 1999) ............................................................. 16

PLAINTIFF STATES'
 RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AS TO
PLAINTIFFS' AND INTERVENORS'
CLAIMS – NO. 2:25-CV-00848

ii

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

*Ivy Sports Medicine, LLC v. Burwell*,
  767 F.3d 81 (D.C. Cir. 2014) ................................................................................. 9

*Kendall v. United States*,
  37 U.S. (12 Pet.) 524 (1838) ................................................................................. 16

*Los Angeles Cnty. v. Davis*,
  440 U.S. 625 (1979) ............................................................................................. 3, 5

*McGraw-Edison Co. v. Preformed Line Products Co.*,
  362 F.2d 339 (9th Cir. 1966), *cert. denied*, 385 U.S. 919 (1966) ........................ 19

*Montana Wildlife Federation v. Haaland*,
  127 F.4th 1 (9th Cir. 2025) ................................................................................. 17

*N.D. v. Reykdal*,
  102 F.4th 982 (9th Cir. 2024) ............................................................................. 18

*New Jersey v. E.P.A.*,
  517 F.3d 574 (D.C. Cir. 2008) ............................................................................... 9

*New York v. Trump*,
  769 F. Supp. 3d 119 (D.R.I. 2025) ........................................................................ 8

*Oregon Nat. Desert Ass'n v. U.S. Forest Serv.*,
  465 F.3d 977 (9th Cir. 2006) ................................................................................. 8

*Powell v. McCormack*,
  395 U.S. 486 (1969) ............................................................................................... 3

*S. California All. of Publicly Owned Treatment Works v. EPA*,
  8 F.4th 831 (9th Cir. 2021) ................................................................................... 8

*Trump v. CASA, Inc.*,
  606 U.S. 831 (2025) ............................................................................................. 17

*United States v. Concentrated Phosphate Export Assn., Inc.*,
  393 U. S. 199 (1968) ............................................................................................... 5

*United States v. W.T. Grant Co.*,
  345 U.S. 629 (1953) ............................................................................................... 5

*West Virginia v. EPA*,
  597 U.S. 697 (2022) ............................................................................................... 2

*Whitman v. Am. Trucking Ass'ns*,
  531 U.S. 457 (2001) ............................................................................................... 9

*Woonasquatucket River Watershed Council v. U.S. Dep't of Agric.*,
  778 F. Supp. 3d 440 (D.R.I. 2025) ........................................................................ 8

PLAINTIFF STATES'
 RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AS TO
PLAINTIFFS' AND INTERVENORS'
CLAIMS – NO. 2:25-CV-00848

iii

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

*Youngstown Sheet & Tube Co. v. Sawyer,*
   343 U.S. 579 (1952)................................................................................. 16


## **Statutes**

5 U.S.C. § 706(2) ...................................................................................... 17

Pub. L. 117-58, 135 Stat. 429 ............................................................. passim


## **Other Authorities**

90 Fed. Reg. 39025 (Aug. 13, 2025) .................................................. 3, 19

Exec. Order 14154,
   90 Fed. Reg. 8339 (Feb. 26, 2025) ...................................................... 3

PLAINTIFF STATES'
 RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AS TO
PLAINTIFFS' AND INTERVENORS'
CLAIMS – NO. 2:25-CV-00848

iv

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

# I.    INTRODUCTION

Defendants' motion for summary judgment once again sidesteps any real discussion of the actions Defendants took when they unlawfully halted the National Electric Vehicle Infrastructure ("NEVI") Formula Program, instead focusing on Defendants' authority to develop guidance for that program. But as this Court has already recognized, Plaintiff States do not challenge Defendants' authority to develop NEVI guidance. Defendants' repeated and single-minded focus on their guidance authority is a misguided attempt to distract from the illegal actions that form the basis of Plaintiff States' lawsuit: Defendants categorically and retroactively revoked their approvals of the State Plans submitted by Plaintiff States to access statutorily-mandated NEVI funds, and they categorically withheld those funds from Plaintiff States. Much of that funding has yet to be released. Defendants cannot rely on their guidance authority to justify their failure to distribute NEVI funds to the States, in specific amounts, in accordance with the Infrastructure Investment and Jobs Act ("IIJA"). By contravening the clear statutory directive set forth in the IIJA, Defendants violated the Administrative Procedure Act ("APA") and the Constitution.

Defendants' mootness claim, which relies entirely on their recently issued updated NEVI Program guidance, also fails. The updated NEVI guidance goes well beyond what the IIJA authorizes by requiring Plaintiff States to resubmit previously approved State Plans or develop new State Plans and obtain Defendants' approval in order to unlock the statutorily-mandated NEVI funds previously withheld. Thus, contrary to Defendants' arguments, the updated NEVI guidance further underscores the illegality of Defendants' actions.

The Court should grant Plaintiff States' motion and deny Defendants' motion.

/ / /

/ / /

/ / /

/ / /

PLAINTIFF STATES'
 RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AS TO
PLAINTIFFS' AND INTERVENORS'
CLAIMS – NO. 2:25-CV-00848

1

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

## II.    ARGUMENT

### A.    Plaintiff States' Claims Are Not Moot

Defendants assert that the issuance of the revised NEVI program guidance has mooted Plaintiff States' claims. In support, they cherry-pick one line of this Court's preliminary injunction order. But this oversimplified argument turns on Defendants' assertions regarding their own future actions to approve State Electric Vehicle Infrastructure Deployment Plans ("State Plans") and restore funding. Given the history and background of this case, this Court should not be so quick simply to take Defendants at their word. Moreover, as the party asserting mootness, the onus is on Defendants to establish that heavy burden. *West Virginia v. EPA*, 597 U.S. 697, 719 (2022) (citing *Friends of the Earth v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). They cannot do so.

For one, rather than simply restoring the legal effect of the previously approved State Plans and reinstating States' access to their previously apportioned funds, the Interim Final Guidance once again goes beyond Defendants' statutory authority and requires States to resubmit plans or submit new plans for additional approvals before allowing any new obligations of funds for fiscal years 2022-2025.[1] By continuing to withhold these funds and requiring States to resubmit plans in order to access them, Defendants make clear their intent to persist in the illegal actions first announced in Defendants' February 6 letter ("FHWA Letter"), despite this Court's ruling that those actions went well beyond their statutory authority. *See* Dkt. #110, p. 42. Indeed, rather than acknowledging any wrongdoing, in announcing the

---

[1] The guidance allows States to resubmit their prior Plans, a tacit acknowledgment that those Plans remain consistent with the IIJA's requirements. U.S. Department of Transportation, Federal Highway Administration, National Electric Vehicle Infrastructure (NEVI) Program (Aug. 11, 2025), p. 3 (noting that "[p]reviously developed or submitted Plans for fiscal years 2022-2025 can be resubmitted"), https://www.fhwa.dot.gov/environment/nevi/resources/NEVIInterim-Final-Program-Guidance-8-11-2025.pdf.  Yet Defendants chose not to simply reinstate prior Plans while addressing any changes to those Plans in the submittals for fiscal year 2026.

PLAINTIFF STATES'
 RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AS TO
PLAINTIFFS' AND INTERVENORS'
CLAIMS – NO. 2:25-CV-00848

2

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

1  Interim Final Guidance, Defendants touted the conscious decision that "During the review

2  process: No new obligations occurred under the [NEVI] Program[.]"[2]

3      Further, at this juncture, Defendants' vague promises that Plaintiff States' Plans will, at

4  some indeterminate point in the time, be approved, is not enough to carry their heavy burden to

5  prove mootness. Indeed, that argument entirely ignores the critical step of obligating funds.

6  Defendants ask this Court to disregard these additional steps in the process on the premise that

7  "Defendants lack any incentive to revoke guidance reflecting the current Administration's

8  priorities." Dkt. #141, p. 6. But the Court should take that representation with a due grain of

9  salt. In announcing the Interim Final Guidance, FHWA cited current Administration priorities

10  that are diametrically opposed to electric vehicles. *See* 90 Fed. Reg. 39025, 39026 (Aug. 13,

11  2025) (noting the Guidance "aligns with Executive Order 14154, 'Unleashing American

12  Energy' to eliminate previous mandates for EV charging infrastructure," 90 Fed. Reg. 8339,

13  8339-40 (Feb. 26, 2025). The new Guidance also relies on the U.S. DOT's January 29, 2025,

14  memorandum regarding "Implementation of Executive Orders Addressing Energy, Climate

15  Change, Diversity, and Gender," 90 Fed. Reg. at 39026, which directs U.S. DOT entities,

16  including FHWA, to take "all lawful actions necessary to rescind, cancel, revoke, and

17  terminate" programs targeted by the Unleashing American Energy Executive Order. All of this

18  undercuts the self-serving, and factually unsupported,[3] representations Defendants make to this

19  Court now, within the context of litigation.

20      Likewise, contrary to Defendants' arguments, Plaintiff States continue to suffer harms.

21  Accordingly, the issues remain very much live, and Plaintiff States retain a legally cognizable

22  interest in the outcome of this case. *Cf. Los Angeles Cnty. v. Davis*, 440 U.S. 625 (1979)

23  (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). As demonstrated by the

24  declarations filed in support of Plaintiff States' Motion for Summary Judgment, several

25  ───────────────

[2] Press Release, U.S. Department of Transportation (Aug. 11, 2025), https://www.transportation.gov/briefing-room/president-trumps-transportation-secretary-sean-p-duffy-unveils-revised-nevi-guidance.

26  [3] Defendants did not submit even so much as a sworn declaration to bolster the promises made in their brief.

1   Plaintiff States still have been unable to access funds that were previously available under their

2   approved plans. For example, in North Carolina, NCOT has been unable to access $80 million

3   of funds available for obligation. Dkt. #145, ¶ 16.

4          Plaintiff States' most recent declarations also demonstrate why the issuance of the

5   Interim Final Guidance does not immediately cure the persisting harms suffered by Plaintiff

6   States, such as problems encountered in entering into and executing agreements with

7   contractors. Dkt. #146, ¶¶ 21-22 (describing contract for location sites that fell through over

8   course of litigation); Dkt. #148, ¶ 22 (describing Vermont contractor expressing concerns

9   about ability to complete future work given funding uncertainties). These ongoing concrete

10  harms are akin to those this Court recognized when granting the preliminary injunction. *See*

11  Dkt. #110*, pp.* 55-56 (citing declarations from Wisconsin, Rhode Island, and California where

12  "simply disbursing funds on an indeterminate date in the future" would not rectify the harms

13  done to the States' ongoing development of infrastructure programs); *id*. at 57-58 (noting

14  effects to issues such as permitting, rights-of-way, availability of contractors and project

15  partners as non-economic harms that "cannot simply be switched back" because "the

16  government has pulled out its checkbook"); *id*. at 59-60 (citing other administrative burdens

17  and operational harms suffered by Plaintiff States).

18         Once again, Defendants make no attempt to engage with these harms. *Id*. at 60

19  (deeming Defendants' argument that "once [they] resume NEVI Program fund distribution,

20  [Plaintiffs'] alleged injury will be ameliorated" to be "disingenuous"). Indeed, even if all

21  resubmitted plans are approved, the "full extent" of Plaintiffs' injuries would, at this point,

22  require "the disbursement of funds above and beyond what Congress originally promised." *Id*.

23  at 59. As this Court recognized, some harms cannot be undone, and these are the "unfortunate

24  and wasteful" harms at issue here. *Id*.

25         Because Defendants' illegal conduct persists until their unlawful revocation of

26  approvals of State Plans is undone, and because harm to Plaintiff States continues to occur, this

PLAINTIFF STATES'
RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AS TO
PLAINTIFFS' AND INTERVENORS'
CLAIMS – NO. 2:25-CV-00848

4

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

1   case is not moot. Further, even if this Court were to find that Defendants' illegal conduct has

2   ceased, that would not warrant dismissal on mootness grounds. The continued need for such

3   relief in a case like this one is well-reflected in the case law: Even if a party voluntarily ceases

4   illegal conduct, that does not automatically take away the Court's power to hear and determine

5   the case. *FBI v. Fikre*, 601 U.S. 234, 241 (2024) (quoting *United States v. W.T. Grant Co.*, 345

6   U.S. 629, 632 (1953)). Under the voluntary cessation exception, a case is moot only when it is

7   "absolutely clear" that the challenged practice will not happen again. *Friends of the Earth*, 528

8   U.S. at 189 (quoting *United States v. Concentrated Phosphate Export Assn., Inc.*, 393 U. S.

9   199, 203 (1968)). Additionally, any effects of the alleged violation must be permanently

10  reversed. *Davis*, 440 U.S. at 631. This is a "formidable burden" and "holds for governmental

11  defendants no less than for private ones." *Fikre*, 601 U.S. at 241.

12        As noted above, there is ample cause for concern that, even if resubmitted and new

13  plans are approved under the Interim Final Guidance, there remains a likelihood that the illegal

14  conduct will recur. Here, Defendants have publicly touted their decision to continue

15  withholding funds from non-Plaintiff States, despite a Court order instructing them that such

16  action was illegal. They have insisted on the submission of new plans to unlock those funds.

17  And they have maintained that their future actions will reflect the policy priorities of this

18  Administration. In other words, there is considerable reason to expect that Defendants, if given

19  the opportunity "will return to [their] old ways." *Id.* (quoting *W.T. Grant Co.*, 345 U.S. at 632-

20  33) (explaining that federal courts' constitutional authority "cannot be so readily manipulated"

21  by cycles of suspension and return to illegal conduct).

22        Defendants also miss the mark because they continue to attempt to reframe this case

23  into one about the Administration's authority to change the guidance—an authority that

24  Plaintiff States have never contested. But as this Court acknowledged in its preliminary

25  injunction Order, that is not and has never been the illegal conduct at issue:

26

PLAINTIFF STATES'
 RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AS TO
PLAINTIFFS' AND INTERVENORS'
CLAIMS – NO. 2:25-CV-00848

5

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

> As Plaintiffs assert, the real issue is Defendants' revocation of state NEVI deployment plans and FHWA's subsequent freeze on distribution of NEVI Formula Program funds. Put another way, Defendants' issuance (or non-issuance) of updated NEVI Formula Program guidance has no bearing on the legality or illegality of their revocation of the State Plans and freezing of the funds. *New guidance will not undo the revocation, irrespective of the substance of that guidance.*

Dkt. #110, p. 33 (emphasis added).

When appropriately considering the *actual* illegal conduct at issue, the question then becomes: Is there a risk that Defendants would repeat the cycle and withhold funds previously approved under accepted State Plans? The answer is yes. As in *Fikre*, where the government acknowledged only taking remedial action after a lawsuit was filed, so, too, here. *Fikre*, 601 U.S. at 242-43. (And indeed, here, Defendants vigorously defended their conduct on the preliminary injunction and only ceased it—to the most minimal degree possible—upon order of this Court.)[4] Defendants still have not confronted nor admitted that the withholding of funds while updating guidance was illegal; most importantly, they have not yet released all of the statutorily-mandated funds at issue. Combined with the Interim Final Guidance's references to Administrative Executive Orders and Secretary Duffy's statements that indicate the Administration is only implementing NEVI because it has decided it *must* do so[5]—a decision that the Administration only reached apparently as a consequence of this lawsuit—a substantial risk remains that the DOT will repeat its illegal conduct again if it senses that opportunity. The cessation of illegal conduct must be voluntary to make the issues moot, and Defendants have

---

[4]  This Court carefully parsed the evidence submitted by Plaintiff States and only applied the preliminary injunction to certain of them. But the basic thrust of the Court's opinion is clear: Defendants acted illegally. Even with that judicial finding in hand, Defendants opted not to unfreeze the funding from the excluded Plaintiff States, and they continued to withhold statutorily-mandated funds from non-Plaintiff States. This Court can and should take that fact into consideration when evaluating the risk that Defendants would engage in the same illegal conduct in the future.

[5]  Press Release, U.S. Department of Transportation (Aug. 11, 2025), https://www.transportation.gov/briefing-room/president-trumps-transportation-secretary-sean-p-duffy-unveils-revised-nevi-guidance ("If Congress is requiring the federal government to support charging stations, let's cut the waste and do it right.") and ("While I don't agree with subsidizing green energy, we will respect Congress' will and make sure this program uses federal resources efficiently.").

PLAINTIFF STATES'
RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AS TO
PLAINTIFFS' AND INTERVENORS'
CLAIMS – NO. 2:25-CV-00848

6

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

1   demonstrated that—to the extent that they have remedied their past wrongs—that action was

2   the anything but voluntary.

3          In short, unless this Court issues the relief Plaintiff States seek and declares the

4   withholding of funds illegal under the APA and the Constitution, a substantial risk to the future

5   of the NEVI program remains. Accordingly, the Court should reject Defendants' mootness

6   argument.

7   **B.      Defendants Took Final Action in Revoking State Plans and Withholding Funds**

8          Defendants' attempt in their Motion for Summary Judgment to again reframe Plaintiff

9   States' claims as a challenge to the NEVI guidance fails for the same reasons it did at the

10  preliminary injunction stage. Defendants took final agency action when they rescinded

11  approval of State Plans and impeded States' access to NEVI funds in contravention of the

12  IIJA's clear statutory directive. In addressing the first *Bennett* prong, Defendants argue that

13  their actions did not mark the "consummation" of the agencies' "decisionmaking process"

14  because at the time FHWA withheld Plaintiff States' funds, "it had not asserted its ultimate

15  administrative position with respect to NEVI Program guidance." Dkt. #141, p. 17; *Bennett v.*

16  *Spear*, 520 U.S. 154 (1997). But, as this Court has already explained, "FHWA's 'ultimate

17  administrative position with respect to NEVI guidance' . . . is not the issue here, nor is the

18  agency's present and ongoing review of NEVI guidance." Dkt. #110, p. 35. Plaintiff States

19  have never challenged Defendants' ability to revise the guidance. *Id.* at 34-35. For this reason,

20  it is simply irrelevant that "FHWA's interim decisions issuing prior guidance will be subsumed

21  by its ultimate consideration of State obligations submitted pursuant to updated guidance." *Id.*

22  at 18. Similarly, Defendants' citation to *Advanced Integrative Medicine Science Institute,*

23  *PPLC v. Garland*, 24 F.4th 1249, 1258 (9th Cir. 2022)—evaluating the finality of an agency's

24  informational manual—is inapposite, as the relevance of that citation again presupposes a

25  challenge to the NEVI guidance. The actions that Plaintiff States actually challenge are

26  FHWA's categorical revocation of State Plans and withholding of NEVI funds, as directed by

PLAINTIFF STATES'
 RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AS TO
PLAINTIFFS' AND INTERVENORS'
CLAIMS – NO. 2:25-CV-00848

7

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

1    the President's *Unleashing* executive order; these actions, like other federal funding freezes,

2    represent the "consummation of [FHWA's] decisionmaking process to comply with the

3    President's executive order," as "there are no further steps [Defendants] need to take to

4    determine whether they will freeze that funding." Dkt. #110, p. 36 (quoting *New York v.*

5    *Trump*, 769 F. Supp. 3d 119, 137 (D.R.I. 2025) and *Woonasquatucket River Watershed*

6    *Council v. U.S. Dep't of Agric.*, 778 F. Supp. 3d 440, 467 (D.R.I. 2025)) (internal quotation

7    marks omitted).

8              Defendants also argue that their actions do not meet the second *Bennett* prong, which

9    requires that an agency's actions result in "concrete consequences," because FHWA "rescinded

10   portions of State plans related to *unobligated* funds submitted under that guidance" and

11   therefore did not impair "any legal ability to disburse funds." Dkt. #141, p. 18. Defendants do

12   not address the extensive evidence that concrete consequences flowed directly from

13   Defendants' actions disapproving State Plans and withholding States' NEVI funds. Plaintiff

14   States lost their access to over $1 billion in statutorily allocated funds. *See* Dkt. #115-2, p. 121.

15   That abrupt loss had "direct and immediate" effects on Plaintiff States' "day-to-day business,"

16   *Oregon Nat. Desert Ass'n v. U.S. Forest Serv.*, 465 F.3d 977, 987 (9th Cir. 2006), including

17   preventing States from executing contracts; causing the cancellation of a planned solicitation;

18   and preventing the hiring of an employee. *See* Dkt. #99, pp. 10-12 (collecting evidence of

19   harm); Dkt. #110, p. 37. It is therefore simply not true, as Defendants claim, that "subsequent

20   agency decisionmaking is necessary to create any practical consequences" of their actions.

21   Dkt. #141, p. 18 (quoting *S. California All. of Publicly Owned Treatment Works v. EPA*, 8

22   F.4th 831, 836 (9th Cir. 2021) (finding that nonbinding agency guidance did not constitute

23   final agency action)). Because rescinding approval of the State Plans and impeding Plaintiff

24   States' access to NEVI funds marked the consummation of Defendants' decision-making

25   process and generated extensive practical consequences, the final agency action requirement is

26   met here.

PLAINTIFF STATES'
 RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AS TO
PLAINTIFFS' AND INTERVENORS'
CLAIMS – NO. 2:25-CV-00848

8

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

## C.    Defendants' Actions Exceeded Their Statutory Authority

Defendants' opposition identifies no statutory authority to retroactively revoke approval of State Plans or to categorically refuse to obligate NEVI funds. Instead, Defendants entirely rely on their authority to promulgate initial guidance within 90 days of the enactment of the IIJA, and the implied authority to periodically update such guidance. *See* Dkt. #141, p. 14 (referencing Pub. L. 117-58, 135 Stat. 429, 1423). But this authority does not somehow grant Defendants the discretion to revoke approval of existing State Plans that States were relying on to implement a congressionally mandated program, or to withhold funds from obligation in contravention of the IIJA.

Under the IIJA, States are entitled to their share of NEVI funding after timely submitting "a plan to the Secretary, in such form and such manner as the Secretary requires . . . , describing how such State intends to use the funds." 135 Stat. at1422. Congress specified the narrow circumstances in which NEVI funds may be withheld or withdrawn: (1) a State's failure to timely submit a Plan, or (2) a State's failure to carry out a Plan. 135 Stat. at 1422. These statutory terms circumscribe the Agency's authority, and the implicit authority claimed by Defendants cannot override Congressional direction. *See Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 485 (2001) ("The [agency] may not construe the statute in a way that completely nullifies textually applicable provisions meant to limit its discretion."); *Ivy Sports Medicine, LLC v. Burwell*, 767 F.3d 81, 86 (D.C. Cir. 2014) (Kavanaugh, J.) ("[W]e have [] recognized that any inherent reconsideration authority does not apply in cases where Congress has spoken."); *New Jersey v. E.P.A.*, 517 F.3d 574, 583 (D.C. Cir. 2008) ("Congress . . . undoubtedly can limit an agency's discretion to reverse itself.").

As Defendants' actions contravene the mandates of the IIJA, Plaintiff States are entitled to summary judgment on their APA claim that Defendants acted in excess of statutory authority.

/ / /

PLAINTIFF STATES'
RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AS TO
PLAINTIFFS' AND INTERVENORS'
CLAIMS – NO. 2:25-CV-00848

9

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

1    **1.    Defendants exceeded their statutory authority by categorically freezing the obligation of NEVI funds**

2

3    Defendants attempt to explain away their flouting of the IIJA's directives by framing

4    their funding freeze as merely a "programmatic pause," and claiming that no statutory

5    language expressly forbids the delayed release of NEVI funds. Dkt. #141, p. 13. Defendants'

6    argument fails on both scores.

7    First, Defendants can only withhold NEVI funds under the specific circumstances set

8    forth by Congress in the IIJA. But even assuming the IIJA permits brief "programmatic"

9    pauses for administrative reasons (which Plaintiff States do not concede), Defendants have not

10    established that their categorical funding freeze counts as "programmatic." To the contrary,

11    Defendants have undertaken a prolonged and unprecedented funding freeze driven by "policy"

12    motivations. *See* Dkt. #141, p. 1. Recently, the Government Accountability Office (GAO), a

13    bipartisan congressional watchdog group, rejected a similar argument from DOT, finding that

14    the current funding freeze was "outside the parameters set by IIJA" and, therefore, "cannot be

15    a programmatic delay." Dkt. #101-1, Ex. 1 ("GAO Report"), at p. 16.

16    Next, Defendants argue that the IIJA permits a temporary delay in the flow of funds as

17    the statute contains no express deadline for the Secretary to review Plans or release NEVI

18    funds for obligation. Dkt. #141, p. 12. But the lack of such a statutory deadline in no way

19    implies the much greater authority to categorically *suspend* NEVI funding. In any event, no

20    review deadline is necessary since the Secretary's "approval" of State Plans is ministerial and,

21    "while IIJA requires that states submit [P]lans for the program to DOT, there is no statutory

22    requirement that the Secretary approve them." GAO Report p. 10; *see* Dkt. #142, p. 15.

23    Similarly, no statutory deadline is needed for the "release" of duly apportioned NEVI funds

24    because the IIJA makes those funds available for obligation once a State properly and timely

25    submits its State Plan, as was the case here. *See* GAO Report p. 10; 135 Stat. at 1422.

26

PLAINTIFF STATES'
RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AS TO
PLAINTIFFS' AND INTERVENORS'
CLAIMS – NO. 2:25-CV-00848

10

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

1    Ultimately, Defendants' argument proves too much as FHWA could delay the

2    implementation of the NEVI program indefinitely under the guise of conducting its review. In

3    this case, Defendants have already suspended NEVI funds for the better part of the current

4    fiscal year, despite the fact that Congress specifically directed the Secretary to distribute

5    funding "for each of fiscal years 2022 through 2026." 135 Stat. at 1422. By categorically

6    freezing NEVI funding in contravention of the directives in the IIJA, Defendants have

7    exceeded the limits of their statutory authority.

8          **2.    Defendants exceeded their statutory authority by retroactively revoking
             State Plans and withholding NEVI funds on this basis**

9

10    Defendants cite their modest authority to promulgate NEVI guidance to claim the

11    implicit authority to revoke State Plans and to suspend obligations under those Plans while

12    they update NEVI guidance. Defendants contend that "to permit new obligations under prior

13    plans that no longer align with Administration priorities would divest Defendants of their

14    statutory authority to control NEVI Program guidance." Dkt. #141, p. 14. Such an expansion of

15    Defendants' authority, however, finds no support in the IIJA.

16    As an initial matter, Defendant's desire to update NEVI guidance does not justify the

17    immediate revocation of State Plans or the withholding of funds under those Plans. Defendants

18    remained free, as they have done in the past, to update NEVI guidance and to leave existing

19    Plans in place while new Plans are submitted, thereby effecting a "seamless transition from one

20    regime to the next." Dkt. #110, p. 42. Defendants have invoked no legal authority (and there is

21    none), that permits a retroactive clawback of previously approved Plans, or a categorical stay

22    of all new obligations, pending the issuance of new guidance and the approval of plans under

23    that guidance.

24    Defendants' contention that they have the implicit authority to revoke State Plans also

25    fails because it is based on the false presumption that Defendants have discretionary approval

26    authority. The IIJA confers only ministerial authority upon the Secretary to approve State

---

PLAINTIFF STATES'                                    11                    ATTORNEY GENERAL OF WASHINGTON
 RESPONSE TO DEFENDANTS' MOTION                                                Environmental Protection Division
FOR SUMMARY JUDGMENT AS TO                                                        800 Fifth Avenue STE 2000
PLAINTIFFS' AND INTERVENORS'                                                         Seattle, WA 98104
CLAIMS – NO. 2:25-CV-00848                                                            206-464-7744

Plans. *See* GAO Report, p. 10; Dkt. #142, p. 15. And, even assuming *arguendo* that Defendants have any discretionary approval authority, nothing in the IIJA permits *retroactive* revocations of Plan approvals that have already been deemed to satisfy the minimal requirements set forth in the statute. Defendants' retroactive revocation of State Plan approvals, by operating to restrict access to NEVI funding, also run afoul of the IIJA's express limits on withholding. Thus, Defendants' revocation of previously approved State Plans exceeds their authority under the IIJA.

### D.    Defendants' Actions Were Arbitrary and Capricious

Defendants do not seriously dispute that their actions were arbitrary and capricious. In their short section addressing this issue, Defendants argue that they were permitted to "revok[e] guidance documents" because they "did not comply with the current Administration's policies." Dkt. #141, p. 20. But Defendants nowhere explain why rescinding the Guidance made it possible, let alone reasonable, to retroactively revoke previously approved State Plans and prohibit all new funding obligations made available by those prior approvals.

Defendants also arbitrarily neglected to consider Plaintiff States' serious reliance interests in their approved State Plans and in the faithful administration of a congressionally mandated program to obligate formula funds. *See* 135 Stat. at 1421-22 (States are entitled to a formula share of funds if they meet specified conditions and such funds are to remain available until expended). Plaintiff States have demonstrated that they rely on NEVI funds before the point of obligation, as shown by the significant investment in developing State Plans, running solicitations, and entering into binding awards based on the availability of those funds. Dkt. #142, p. 20.

Defendants' only response regarding their failure to consider reliance interests is to claim that they appropriately "balanced" these interests by "allowing previously incurred obligations to proceed" while the NEVI program is suspended. Dkt. #141, p. 15. Defendants

PLAINTIFF STATES'
RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AS TO
PLAINTIFFS' AND INTERVENORS'
CLAIMS – NO. 2:25-CV-00848

12

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

also claim that they "acknowledged" at the time of the FHWA Letter that most NEVI funds were unobligated, so a suspension while Guidance was updated would not impact "existing financial commitments." *Id.*, p. 20. However, Defendants supply no evidence that they considered Plaintiff States' reliance interests prior to announcing their actions in the FHWA Letter. The administrative record citations that Defendants rely on—Dkt. #141, p. 20 (citing DOT_118 (spreadsheet with status of funds), DOT_121 (FHWA Letter))—only confirm that the FHWA Letter never mentions reliance issues, does not reference the proportion of outstanding funds that are obligated versus unobligated, and does not undertake or reflect any "balancing" that Defendants now claim to have done. At most, Defendants' response is an impermissible *post hoc* rationalization. *DHS v. Regents of Univ. of Cal.*, 591 U.S. 1, 30-32 (2020). Further, Defendants' decisions could not have been "balanced" based on their decision not to withhold previously-obligated funds—that hypothetical action would have also been unlawful and was never legitimately available. *See* 135 Stat. at 1422 (restricting Defendants' ability to "withhold or withdraw" funding to narrow circumstances and specifying the required process for doing so).

In addition to their argument about a "balancing" that was never actually performed, Defendants appear to assert that Plaintiff States cannot have any reliance interests in the administration of NEVI except for obligated funds to which they have an "established" "legal right." Dkt. #141, p. 20. But Defendants' attempted delineation of when Plaintiff States have a "legal right" to funds is inconsistent with the statute. Plaintiff States have a right to funds by nature of their formula allocation. That right must be honored by Defendants whenever a State meets the single prerequisite that Congress established for receipt of apportioned funds: the timely submission of a State Plan in the form and manner required by the Secretary. 135 Stat. at 1422. And the funds that States are lawfully entitled to, after submitting State Plans for fiscal years 2022-2025, cannot be withheld or withdrawn except in circumstances that do not apply here. Dkt. #142, pp. 13-16; Dkt. #141, p. 21. Moreover, reliance interests are relevant

PLAINTIFF STATES'
RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AS TO
PLAINTIFFS' AND INTERVENORS'
CLAIMS – NO. 2:25-CV-00848

13

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

regardless of whether they concern "established" "legal rights." An agency must consider reliance interests even where the policy at issue "confer[s] no substantive rights." *DHS*, 591 U.S. at 31. Plaintiff States reasonably relied on Defendants' longstanding policy, including by making "administrative, economic, and infrastructural arrangements . . . based on FHWA's approval of prior State Plans." Dkt. #110, p. 48. Defendants were required to take those reliance interests into account when they changed their policy. Their failure to do so renders their actions unlawful under the APA.

**E.    Defendants' Actions Were Taken Without Observance of Lawful Procedure**

Defendants do not dispute that they failed to follow the procedures required by the IIJA before withholding NEVI funds. Instead, they contend that these procedures are "inapplicable" because their "threshold decision to update NEVI Program guidance" does not constitute a "withdrawal or withholding" under the IIJA. Dkt. #142, p. 21. But the statute's procedural safeguards apply regardless of whether Defendants temporarily, indefinitely, or permanently withhold NEVI funds. *See* 135 Stat. at 1422. Defendants' actions have already resulted in the prolonged cessation, *i.e.*, withholding, of NEVI funding for more than seven months. Defendants' failure to adhere to the IIJA's procedures for withholding and withdrawals were in violation of the APA, and Plaintiff States are entitled to summary judgment on this basis.

**F.    Defendants' Actions Violate the Separation-of-Powers Doctrine and the Take Care Clause[6]**

Defendants recycle their earlier arguments—previously rejected by this Court—in attempting to counter Plaintiff States' constitutional claims. This Court should once again reject those arguments and hold that Defendants violated the separation-of-powers doctrine. That same conduct demonstrates Defendants' violation of the Take Care clause.

---

[6]    As noted in their opening brief, this Court need not reach Plaintiffs States' constitutional arguments should it rule in favor of their APA claims.

PLAINTIFF STATES'
 RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AS TO
PLAINTIFFS' AND INTERVENORS'
CLAIMS – NO. 2:25-CV-00848

14

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

1    Rather than respond directly to Plaintiff States' argument that Defendants' usurpation

2  of Congress's spending power amounts to a violation of the separation-of-powers doctrine,

3  Defendants once again misconstrue Plaintiff States' argument as an attempt to enforce the

4  Impoundment Control Act. *See* Dkt #141, p. 28 ("Plaintiffs' and Intervenors' separation of

5  powers theory . . . can only be understood as arising under the Impoundment Control Act.").

6  This Court identified and squarely rejected Defendants' misguided characterization in its

7  preliminary injunction order, and it should do so again. *See* Dkt #110, p. 50. ("Defendants'

8  lengthy discussion on the inapplicability of Impoundment Control Act is irrelevant to the

9  matter at hand."). As this Court recognized in granting a preliminary injunction, and as

10  Plaintiff States have repeatedly asserted, courts may resolve separation-of-powers questions

11  without recourse to the Impoundment Control Act.  Dkt #110, p.51; Dkt. #5, pp. 15-17;

12  Dkt. #142, pp. 22-24. Indeed, the Ninth Circuit did exactly that in controlling precedent,

13  rejecting President Trump's attempt in his first term to usurp Congress's spending and

14  legislative powers by unilaterally conditioning funds appropriated by Congress to further his

15  own policy objectives. *City & Cnty. of San Francisco v. Trump*, 897 F.3d 1225 (9th Cir. 2018).

16  The Ninth Circuit held that "[a]bsent congressional authorization, the Administration may not

17  redistribute or withhold properly appropriated funds in order to effectuate its own policy

18  goals." *Id.* at 1235. Thus where, as here, Congress did not authorize withholding of funds, the

19  Executive Branch violates "the constitutional principle of the Separation of Powers." *Id. City*

20  *of San Francisco* definitively establishes that a court may reach such a conclusion without

21  resorting to the Impoundment Control Act, which is what Plaintiff States urge here.

22    Defendants also attempt to revive their previously unsuccessful argument that

23  Plaintiffs' constitutional claims fail because they are "merely Plaintiffs' statutory and APA

24  claims re-packaged." Dkt #141, p. 26. Defendants again cite to *Dalton v. Specter* for the

25  proposition that "claims simply alleging that the President has exceeded his statutory authority

26  are not 'constitutional' claims," but *Dalton* is inapposite. *Dalton v. Specter*, 511 U.S. 462, 473

PLAINTIFF STATES'
 RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AS TO
PLAINTIFFS' AND INTERVENORS'
CLAIMS – NO. 2:25-CV-00848

15

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

1  (1994). *Dalton* only addresses claims that the President *exceeded his statutory authority*, not

2  claims where the Executive Branch's challenged action lacked *any* statutory basis. *Id.* at 473

3  (reconciling its holding with that of *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579

4  (1952), which addressed "the conceded *absence* of *any* statutory authority, not a claim that the

5  President acted in excess of such authority" (emphasis in original). Defendants have no

6  statutory authority to categorically withhold NEVI funding as they have done here. S*ee also*

7  *City & Cnty. of San Francisco v. Trump*, 897 F.3d at 1233–34 ("[W]hen it comes to spending,

8  the President has none of 'his own constitutional powers' to 'rely' upon.") (quoting

9  *Youngstown Sheet & Tube Co.*, 343 U.S. at 637).

10    Defendants have also failed to "take Care that the Laws be faithfully executed" and

11  therefore violated the Take Care Clause. *See Kendall v. United States*, 37 U.S. (12 Pet.) 524,

12  613 (1838) (rejecting argument that by charging the Executive with faithful execution of the

13  laws, the Take Care Clause "implies a power to forbid their execution"); *In re United Mine*

14  *Workers of Am. Int'l Union*, 190 F.3d 545, 551 (D.C. Cir. 1999) ("[T]he President is without

15  authority to set aside congressional legislation by executive order.").[7]

16    This Court should grant summary judgment finding that Defendants violated the

17  separation-of-powers doctrine and the Take Care Clause in categorically withholding NEVI

18  funds.

19  / / /

20  / / /

21

22

23

24  [7]  Defendants argue that the Take Care Clause does not apply to subordinate Executive officers, but fail to cite
any definitive authority for this proposition. Courts have repeatedly recognized that the Take Care Clause applies

25  to the entire Executive Branch. *See, e.g.*, *Child Trends, Inc. v. United States Dep't of Educ.*, No. CV 25-1154-
BAH, 2025 WL 2379688, at *15 (D. Md. Aug. 15, 2025) (holding that "Defendants' refusal to operate

26  [educational] programs and obligate the appropriated funds disregards a clear congressional mandate" and violates
the Take Care Clause and separation of powers, despite President not being named as Defendant).

PLAINTIFF STATES'
 RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AS TO
PLAINTIFFS' AND INTERVENORS'
CLAIMS – NO. 2:25-CV-00848

16

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

1    ## III.    PLAINTIFF STATES HAVE DEMONSTRATED THEIR ENTITLEMENT TO VACATUR, INJUNCTIVE, AND DECLARATORY RELIEF

2

3        In this action, Plaintiff States seek vacatur of the challenged agency actions, an order

4    enjoining Defendants from taking further actions consistent with the challenged agency

5    actions, and a declaration that the challenged actions violate the law. Dkt. #124, pp. 61-62;

6    Dkt. #142, pp. 24-25. Defendants' Motion for Summary Judgment does not address the relief

7    sought in Plaintiff States' Amended Complaint. Instead, Defendants mischaracterize Plaintiff-

8    Intervenors as seeking "universal" injunctive relief and spend considerable ink arguing against

9    this strawman. Dkt. #141, pp. 7-9.[8] Plaintiff States have demonstrated their entitlement to the

10   full suite of requested vacatur, injunctive, and declaratory relief, which is appropriately tailored

11   to Plaintiff States' claims and injuries.

12       First, where a court finds that an agency acted unlawfully, vacatur "is the default

13   remedy under the APA." *Montana Wildlife Federation v. Haaland*, 127 F.4th 1, 50 (9th Cir.

14   2025). That rule is grounded in the APA's text, structure, and history, along with decades of

15   practice and precedent. *Corner Post, Inc. v. Bd. of Govs. of Fed. Reserve Sys.*, 603 U.S. 799,

16   826-43 (2024) (Kavanaugh, J., concurring). It is also the "ordinary practice" when an agency

17   action is found to be contrary to law. *See Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 934

18   F.3d 649, 673 (D.C. Cir. 2019).

19       When determining whether to vacate unlawful agency action, courts often apply the

20   two-part balancing test from *Allied-Signal, Inc. v. United States Nuclear Regulatory*

21   *Commission*, 988 F.2d 146 (D.C. Cir. 1993). That test "weigh[s] the seriousness of the

22   agency's errors against 'the disruptive consequences of an interim change that may itself be

23

24       [8]  In addressing Plaintiff-Intervenors' requested relief, Defendants' Motion relies heavily on *Trump v.*
     *CASA, Inc.*, 606 U.S. 831 (2025). Dkt. #141, pp. 8-9. But *CASA* was not about "whether the [APA] authorizes
25   federal courts to vacate federal agency action." *CASA*, 606 U.S. at 847 & n.10 (citing 5 U.S.C. § 706(2)
     (authorizing courts to "hold unlawful and set aside agency action")); *see also id.* at 873 (Kavanaugh, J.,
26   concurring) (explaining that courts may, after *CASA*, still "grant or deny the functional equivalent of a universal
     injunction" by "preliminarily setting aside or declining to set aside an agency rule under the APA").

PLAINTIFF STATES'
 RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AS TO
PLAINTIFFS' AND INTERVENORS'
CLAIMS – NO. 2:25-CV-00848

17

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

changed.'" *Center for Food Safety v. Regan*, 56 F.4th 648, 663 (9th Cir. 2022) (quoting *Allied-Signal*, 988 F.2d at 150–51). Here, Defendants' actions constitute a serious error; as this Court has found, those actions were wholly contrary to Congress's statutory directive to administer the NEVI Program funds. Dkt. #110, p. 41 ("the record indicates that Defendants have declined to follow their clear statutory instructions"). Moreover, rather than resulting in disruption, here vacatur would *remove* the disruptive effects of Defendants' decisions to revoke State Plans and withhold funding that Congress directed to be spent and that Plaintiff States relied on in administering electric vehicle infrastructure programs. *See* Dkt. #5, pp. 20-21 (citing evidence that the unavailability of NEVI funds prevented States from proceeding with solicitations, interfered with the execution of contracts, and created operational harms to state agencies).

Next, Plaintiff States have established that an injunction prohibiting Defendants from implementing the directives in the FHWA Letter is necessary to afford them complete relief. To warrant a permanent injunction, "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006).

Plaintiff States' injuries are well documented, and the Court has already determined those injuries are irreparable and thus not compensable at law. Dkt. #5, pp. 18-22; Dkt. #110, pp. 55-60. Given these injuries, and that Defendants are not harmed by an order requiring them to comply with clear congressional directives, the balance of hardships and public interest both warrant injunctive relief. *N.D. v. Reykdal*, 102 F.4th 982, 996 (9th Cir. 2024) (where a statute "sets out a categorical requirement" the equities favor an injunction ensuring compliance with that statute because "Congress has already done the relevant balancing of interests").

PLAINTIFF STATES'
 RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AS TO
PLAINTIFFS' AND INTERVENORS'
CLAIMS – NO. 2:25-CV-00848

18

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

In addition, Plaintiff States agree with Plaintiff-Intervenors that narrowly tailored injunctive relief preventing Defendants from disrupting NEVI Formula Program funding for any reasons not set forth in the governing statute and regulations is appropriate. *See* Dkt. #150, pp. 11-14. Defendants have not met their burden to demonstrate that their illegal actions won't recur, as they continue to withhold funding previously made available to the states for fiscal years 2022-2025 and have required States to resubmit their State Plans or submit new plans before allowing new obligations of that congressionally mandated funding. *Supra* pp. 2-4. Defendants have also continued to cite policy directives opposed to electric vehicle charging infrastructure in their administration of the NEVI program. 90 Fed. Reg. at 39026. A permanent injunction is thus needed to ensure Defendants adhere to the law going forward.

Finally, Plaintiff States are entitled to a judgment declaring that Defendants violated the law. Courts generally recognize two criteria for determining whether declaratory relief is appropriate: "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Bilbrey by Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir. 1984) (quoting *McGraw-Edison Co. v. Preformed Line Products Co.,* 362 F.2d 339, 342 (9th Cir. 1966), *cert. denied,* 385 U.S. 919 (1966)). Plaintiff States have provided evidence documenting the uncertainty caused by Defendants' abrupt, categorical withholding of NEVI funds. Dkt. #7, ¶ 19; Dkt. #9 (Toor Decl.) ¶38; Dkt. # 12 (Hastings Decl.) ¶20; Dkt. # 24 (Kearns Decl.) ¶26; Dkt. # 28 (Meredith Decl.) ¶40; Dkt. # 17 (Patel Decl.) ¶20; Dkt. # 23 (Pietz Decl.) ¶29; Dkt. # 16 (Pines Decl.) ¶¶21-22; Dkt. # 22 (Ruder Decl.) ¶¶13-15; Dkt. #148, ¶ 22. Because Defendants have ongoing responsibility to administer the NEVI Formula Program, and in light of their repeated, erroneous assertions of expansive discretion to revoke States' access to previously apportioned funds while the agencies evaluate changed policy priorities divorced from statutory directives, *see* Dkt. #141, pp. 11-12, the Court should enter declaratory judgment to clarify and settle Defendants' legal

PLAINTIFF STATES'
RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AS TO
PLAINTIFFS' AND INTERVENORS'
CLAIMS – NO. 2:25-CV-00848

19

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

1  obligations with respect to the NEVI funds and relieve the remaining uncertainty cause by their

2  conduct.

### IV.    CONCLUSION

3

4         Plaintiff States respectfully request that the Court grant their motion and deny

5  Defendants' motion.

6

7         DATED this 30th day of September, 2025.

8                                         I certify that this memorandum contains
                                          6,444 words, in compliance with the Local
9                                         Civil Rules.

10                                        **NICHOLAS W. BROWN**
                                          Attorney General for the State of Washington
11
                                          *S/ Leah A. Brown*
12                                        LEAH A. BROWN, WSBA # 45803
                                          CAITLIN M. SODEN, WSBA # 55457
13                                        TERA HEINTZ, WSBA #54921
                                          CRISTINA SEPE, WSBA #53609
14                                        Assistant Attorneys General
                                          800 Fifth Avenue, Suite 2000
15                                        Seattle, Washington 98104
                                          206-464-7744
16                                        leah.brown@atg.wa.gov
                                          caitlin.soden@atg.wa.gov
17                                        tera.heintz@atg.wa.gov
                                          cristina.sepe@atg.wa.gov
18
                                          *Attorneys for the State of Washington*
19

20

21

22

23

24

25

26

1  **ROB BONTA**                                    **PHILIP J. WEISER**
   Attorney General for the State of California    Attorney General for the State of Colorado

2
   By: /s/ *Theodore A. McCombs*                    By: /s/ *Carrie Noteboom*
3  THEODORE A. MCCOMBS, SBN 316243                  CARRIE NOTEBOOM, CBA # 52910
   Deputy Attorney General                          Assistant Deputy Attorney General
4  DAVID ZAFT, SBN 237365                           DAVID MOSKOWITZ, CBA # 61336
   Acting Supervising Deputy Attorney General       Deputy Solicitor General
5  ROBERT SWANSON, SBN 295159                       JESSICA L. LOWREY, CBA # 45158
   NATALIE COLLINS, SBN 338348                      First Assistant Attorney General
6  ELIZABETH JONES, SBN 326118                      SARAH WEISS, NYSBA # 4898805
   ELIZABETH SONG, SBN 326616                       Senior Assistant Attorney General
7  Deputy Attorneys General                         Ralph L. Carr Judicial Center
   (619) 738-9003                                   1300 Broadway, 10th Floor
8  theodore.mccombs@doj.ca.gov                      Denver, CO  80203
                                                    (720) 508-6000
9  *Attorneys for the State of California*          carrie.noteboom@coag.gov
                                                    david.moskowitz@coag.gov
10                                                  jessica.lowrey@coag.gov
                                                    sarah.weiss@coag.gov
11                                                  FAX: (720) 508-6040

12                                                  *Attorneys for the State of Colorado*

13 **KRISTIN K. MAYES**                             **KATHLEEN JENNINGS**
   Attorney General for the State of Arizona        Attorney General of the State of Delaware

14
   By: /s/ *Lauren Watford*                         By: /s/ *Vanessa L. Kassab*
15 LAUREN WATFORD, SBA # 037346                     IAN R. LISTON, DSBA # 5507
   Assistant Attorney General                       Director of Impact Litigation
16 Arizona Attorney General's Office                RALPH K. DURSTEIN III, DSBA # 0912
   2005 North Central Avenue                        VANESSA L. KASSAB, DSBA # 5612
17 Phoenix, Arizona 85004                           Deputy Attorneys General
   (602) 542-3333                                   Delaware Department of Justice
18 Lauren.Watford@azag.gov                          820 N. French Street
                                                    Wilmington, DE 19801
19 *Attorneys for the State of Arizona*             (302) 683-8899
                                                    vanessa.kassab@delaware.gov
20
                                                    *Attorneys for the State of Delaware*
21

22

23

24

25

26

**BRIAN L. SCHWALB**
Attorney General

By: /s/ *Lauren Cullum*
LAUREN CULLUM, DCB # 90009436
Special Assistant Attorney General
Office of the Attorney General
for the District of Columbia
400 6th Street, N.W., 10th Floor
Washington, D.C. 20001
Email: lauren.cullum@dc.gov

*Attorneys for the District of Columbia*

**KWAME RAOUL**
Attorney General for the State of Illinois

By: /s/ *Jason E. James*
JASON E. JAMES, ISBA ARDC # 6300100
Assistant Attorney General
Office of the Attorney General
Environmental Bureau
201 W. Pointe Drive, Suite 7
Belleville, IL 62226
Phone: (217) 843-0322
Email: jason.james@ilag.gov

*Attorneys for the State of Illinois*

**ANNE E. LOPEZ**
Attorney General for the State of Hawai'i

By: /s/ *Kaliko'onālani D. Fernandes*
DAVID D. DAY, HSBA # 9427
Special Assistant to the Attorney General
KALIKO'ONĀLANI D. FERNANDES,
HSBA # 9964
Solicitor General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
david.d.day@hawaii.gov
kaliko.d.fernandes@hawaii.gov

*Attorneys for the State of Hawai'i*

**OFFICE OF THE GOVERNOR** *ex rel.*
**ANDY BESHEAR**
in his official capacity as Governor of the
Commonwealth of Kentucky

By: /s/ *Travis Mayo*
S. TRAVIS MAYO, KBA # 92628
General Counsel
Taylor Payne, KBA # 93524*
Chief Deputy General Counsel
Laura C. Tipton, KBA # 92527
Deputy General Counsel
Office of the Governor
700 Capitol Avenue, Suite 106
Frankfort, KY 40601
(502) 564-2611
travis.mayo@ky.gov
taylor.payne@ky.gov
laurac.tipton@ky.gov

*Counsel for the Office of the Governor*

PLAINTIFF STATES'
 RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AS TO
PLAINTIFFS' AND INTERVENORS'
CLAIMS – NO. 2:25-CV-00848

22

**ANTHONY G. BROWN**
Attorney General for the State of Maryland

By: /s/ *Steven J. Goldstein*
STEVEN J. GOLDSTEIN, MSBA #
1612130206
*Assistant Attorney General*
Office of the Attorney General of Maryland
200 Saint Paul Place, 20th Floor
Baltimore, MD 21202
(410) 576-6414
sgoldstein@oag.state.md.us

*Attorneys for the State of Maryland*

**DANA NESSEL**
Attorney General of Michigan

By: /s/ *Michael J. Dittenber*
Michael J. Dittenber (MI Bar No. P72238)
Neil Giovanatti (MI Bar No. P82305)
*Assistant Attorneys General*
Michigan Department of Attorney General
425 W. Ottawa
Lansing, MI 48933
(517) 335-5805
DittenberM@michigan.gov
GiovanattiN@michigan.gov

*Attorneys for the State of Michigan*

**KEITH ELLISON**
Attorney General for the State of Minnesota

By: /s/ *Peter N. Surdo*
PETER N. SURDO, MSBA # 339015
Special Assistant Attorney General
Environmental and Natural Resources
Division
445 Minnesota Street, Suite 1800
Saint Paul, Minnesota 55101
651-757-1061
peter.surdo@ag.state.mn.us

*Attorneys for the State of Minnesota*

**MATTHEW J. PLATKIN**
Attorney General for the State of New Jersey

By: /s/ *Morgan L. Rice*
MORGAN L. RICE, NJSBA Bar #
018782012
JUSTINE M. LONGA, NJSBA Bar #
305062019
*Deputy Attorneys General*
RACHEL U. DOOBRAJH, NJSBA #
020952002
*Assistant Attorney General*
Office of the Attorney General
25 Market Street
Trenton, NJ 08625
(609) 696-4527
Morgan.Rice@law.njoag.gov
Justine.Longa@law.njoag.gov
Rachel.Doobrajh@law.njoag.gov

*Attorneys for the State of New Jersey*

PLAINTIFF STATES'
 RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AS TO
PLAINTIFFS' AND INTERVENORS'
CLAIMS – NO. 2:25-CV-00848

23

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

| | |
|---|---|
| 1 | **RAÚL TORREZ** |
| | Attorney General for the State of New Mexico |
| 2 | |
| | By: /s/ *Amy Senier* |
| 3 | AMY SENIER, MBA # 672912 |
| | Senior Counsel |
| 4 | New Mexico Department of Justice |
| | P.O. Drawer 1508 |
| 5 | Santa Fe, NM 87504-1508 |
| | 505-490-4060 |
| 6 | asenier@nmdoj.gov |

**RAÚL TORREZ**
Attorney General for the State of New Mexico

By: /s/ *Amy Senier*
AMY SENIER, MBA # 672912
Senior Counsel
New Mexico Department of Justice
P.O. Drawer 1508
Santa Fe, NM 87504-1508
505-490-4060
asenier@nmdoj.gov

*Attorneys for the State of New Mexico*

**LETITIA JAMES**
Attorney General of the State of New York

By: /s/ *Kyle Burns*
KYLE BURNS, NYSBA # 5589940
Environmental Protection Bureau
28 Liberty Street
New York, NY 10005
(212) 416-8451

*Attorneys for the State of New York*

**JEFF JACKSON**
Attorney General of the State of North Carolina

LAURA HOWARD
Chief Deputy Attorney General

By: /s/ *Daniel T. Wilkes*
DANIEL WILKES, NCSB # 46500*
Assistant Deputy Attorney General
North Carolina Department of Justice
PO Box 629
Raleigh, NC 27602
919-716-6415
dwilkes@ncodoj.gov

*Counsel for State of North Carolina*

**DAN RAYFIELD**
Attorney General of the State of Oregon

By: /s/ *Sara Van Loh*
SARA VAN LOH OSB # 044398
Senior Assistant Attorney General
100 SW Market Street
Portland, Oregon 97201
Tel (971) 673-1880
Fax (971) 673-5000
Sara.VanLoh@doj.oregon.gov

*Attorneys for State of Oregon*

**JENNIFER C. SELBER**
General Counsel

By: /s/ *Stephen R. Kovatis*
STEPHEN R. KOVATIS, PBA # 209495
Deputy General Counsel
Governor's Office of General Counsel
30 North Third Street, Suite 200
Harrisburg, PA 17101
Phone: 717-602-0943
Email: skovatis@pa.gov

*Counsel for Governor Josh Shapiro*

**PETER F. NERONHA**
Attorney General of Rhode Island

By: /s/ *Nicholas M. Vaz*
NICHOLAS M. VAZ, RIBA # 9501
Special Assistant Attorney General
Office of the Attorney General
Environmental and Energy Unit
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400 ext. 2297
nvaz@riag.ri.gov

*Attorneys for State of Rhode Island*

PLAINTIFF STATES'
RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AS TO
PLAINTIFFS' AND INTERVENORS'
CLAIMS – NO. 2:25-CV-00848

24

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

1  **CHARITY R. CLARK**                    **JOSHUA L. KAUL**
   Attorney General of the State of Vermont    Attorney General for the State of Wisconsin

2
   By: /s/ *Jonathan T. Rose*               By: /s/ *Frances R. Colbert*
3  JONATHAN T. ROSE, VBA # 4415            FRANCES R. COLBERT, WI SBN #
   Solicitor General                        1050435
4  Office of the Vermont Attorney General   Assistant Attorney General
   109 State Street                         Public Protection Unit
5  Montpelier, VT 05609                     17 West Main Street
   (802) 828-3171                           Madison, Wisconsin 53703
6  Jonathan.rose@vermont.gov                608-266-9595
                                            Frances.Colbert@wisdoj.gov
7  *Attorneys for Plaintiff State of Vermont*
                                            *Attorneys for Plaintiff State of Wisconsin*
8  *Pro hac vice application pending*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF STATES'                    25          ATTORNEY GENERAL OF WASHINGTON
 RESPONSE TO DEFENDANTS' MOTION                     Environmental Protection Division
FOR SUMMARY JUDGMENT AS TO                            800 Fifth Avenue STE 2000
PLAINTIFFS' AND INTERVENORS'                              Seattle, WA 98104
CLAIMS – NO. 2:25-CV-00848                                 206-464-7744