UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON et al.,<br><br>                Plaintiffs,<br>   v.<br><br>U.S. DEPARTMENT OF TRANSPORTATION et al.,<br><br>                Defendants.<br><br>SIERRA CLUB et al.,<br><br>                Plaintiff–Intervenors,<br>   v.<br><br>U.S. DEPARTMENT OF TRANSPORTATION et al.,<br><br>                Defendants | CASE NO. 2:25-cv-00848-TL<br><br>ORDER ON MOTION TO RECONSIDER |

This matter is before the Court on Plaintiff–Intervenor Climate Solutions' ("Climate Solutions") Motion to Reconsider. Dkt. No. 126. Climate Solutions seeks the Court's reconsideration of a portion of its Order (Dkt. No. 120) that granted Climate Solutions and several other public-interest organizations' Motion to Intervene (Dkt. No. 76). Dkt. No. 126 at 2. Specifically, Climate Solutions "moves this Court to reconsider the portion of its intervention order finding that Climate Solutions 'cannot satisfy the first element for associational standing' because it does not have 'members.'" *Id.* (quoting Dkt. No. 120 at 5–6). Defendants oppose Climate Solutions' motion. *See generally* Dkt. No. 162 (Defendants' opposition). Having reviewed the motion and Defendants' response, the Court GRANTS Climate Solutions' motion.

## I. BACKGROUND

The Court assumes familiarity with the factual and procedural background of this case. *See* Dkt. No. 110 (Order on Motion for Preliminary Injunction) at 5–16. On July 23, 2025, the Court granted a motion to intervene that had been filed by seven public interest organizations. Dkt. No.120 (Order on Motion to Intervene). In granting the motion, the Court found it appropriate for four of the organizations—Sierra Club, the Natural Resources Defense Council ("NRDC"), Southern Alliance for Clean Energy ("SACE"), and Plug In America—to intervene as of right under Federal Rule of Civil Procedure 24(a). *See id.* at 23. The Court found it appropriate for all seven organizations to permissively intervene under Rule 24(b). *See id.* at 28.

To be clear, following the Court's Order, all seven organizations entered the case as Plaintiff–Intervenors. But on August 6, 2025, Climate Solutions, wary that "[a] ruling that it lacks standing based on its lack of a formal membership-based structure could be cited adversely in a future case," filed the instant motion. Dkt. No. 126 at 3. In the motion, Climate Solutions asks the Court to amend its original order on intervention that found that Climate Solutions was precluded from obtaining associational standing because Climate Solutions is not, strictly speaking, an organization with members. Dkt. No. 126.

## II. LEGAL STANDARD

"Motions for reconsideration are disfavored." LCR 7(h)(1). Such motions are ordinarily denied absent "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." *Id.* Absent such a showing, motions for reconsideration should be granted only in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also Inventist, Inc. v. Ninebot Inc.*, 664 F. Supp. 3d 1211, 1215 (W.D.

Wash. 2023) (noting that reconsideration is an "extraordinary remedy" and that the moving party bears a "heavy burden" (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000))). "A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals*, 571 F.3d at 880 (quoting *Kona Enters.*, 229 F.3d at 890). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883).

### III.  DISCUSSION

Climate Solutions asserts that the Court erred when it concluded that, because Climate Solutions does not have any members, it "cannot satisfy the first element for associational standing." Dkt. No. 126 at 2. The Court agrees. In the Ninth Circuit, associational standing is not exclusively or strictly reserved to organizations that consist of individuals who are identified as "members." *See Or. Advoc. Ctr. v. Mink*, 322 F.3d 1101, 1110–11 (9th Cir. 2003)). Rather, "for purposes of associational standing," Ninth Circuit courts may recognize constituents who are "the functional equivalent of members," even where such constituents "do not have all the indicia of membership." *Id.* at 1110–11. In so deciding, the Ninth Circuit cited *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333 (1977), the Supreme Court's cornerstone case on associational standing. *See Mink*, 322 F.3d at 1111. In *Hunt*, the Supreme Court "[r]efus[ed] to 'exalt form over substance to differentiate between the Washington Commission and a traditional trade association representing the individual growers and dealers who collectively form its constituency.'" *Id.* (citing *Hunt*, 432 U.S. at 345). Although the Commission in *Hunt* was not a trade association, it "had standing as the functional equivalent of such a trade association." *Id.* (citing *Hunt*, 432 U.S. at 345). In *Mink*, the Ninth Circuit applied

*Hunt* and held that where an organization "is sufficiently identified with and subject to the influence of those it seeks to represent [so] as to have a personal stake in the outcome of the controversy," it can be considered the "functional equivalent" of an organization that might exhibit the more formalistic indicia of associational standing. *Id.* (quoting *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 261 (1977)) (internal quotation marks omitted).

The Ninth Circuit affirmed its emphasis on substance over form in *America Unites for Kids v. Rousseau*, 985 F.3d 1075, 1097 (9th Cir. 2021), stating that "[t]he ultimate consideration when determining whether an organization has associational standing is whether it has a 'personal stake in the outcome of the controversy.'" (Citing *Mink*, 322 F.3d at 1111). In *Rousseau*, "the close connection between PEER's mission and the interests of its non-member teachers [was] enough to give the organization a personal stake in the outcome of th[at] lawsuit." *Rousseau*, 985 F.3d at 1097. Simply put, an organization's non-membership structure is not dispositive on the issue of associational standing.

For their part, Defendants argue that, as they originally asserted in their opposition to intervention, Climate Solution lacks associational standing to intervene. *See* Dkt. No. 162 at 2–6. But for the purposes of the instant motion, this argument is irrelevant.

Here, the Court need not reconsider whether Climate Solutions conclusively has associational standing as a matter of law. Such an inquiry is beyond the scope of Climate Solutions' specific request in the motion now before the Court. *See* Dkt. No. 126 at 3 n.1. The Court also finds the limited relief requested by Climate Solutions is appropriate, as Defendants did not specifically challenge Climate Solutions' associational standing on the basis of its membership (or lack thereof). *See generally* Dkt. No. 102. Moreover, the answer to the question of Climate Solutions' associational standing is superfluous to the proceedings at this point, given

that Climate Solutions, like the other six Plaintiff–Intervenors, has permissively intervened with the Court's blessing. *See* Dkt. No. 120 at 28. The Court, then, need only re-visit its specific finding that Climate Solutions does not have associational standing *because the organization does not have members*. And on this narrow issue, the case law cited by Climate Solutions—*Mink* and *Rousseau*, specifically—indicates that the Court's particular reliance on Climate Solutions' lack of membership as the basis for disqualifying the organization from associational standing was not in line with Ninth Circuit precedent. Therefore, the Court GRANTS Climate Solutions' motion.

## IV.  CONCLUSION

Accordingly, Climate Solutions' motion to reconsider (Dkt. No. 126) is GRANTED. The Court WITHDRAWS the original order on the motion to intervene (Dkt. No. 120) and will file an amended order.

Dated this 29th day of October 2025.

Tana Lin
United States District Judge