The Honorable Tana Lin

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

STATE OF WASHINGTON, et al.,

                            PLAINTIFFS,

      v.

U.S. DEPARTMENT OF
TRANSPORTATION et al.,

                  DEFENDANTS.

NO.   2:25-cv-00848-TL

DECLARATION IN SUPPORT OF
PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT

DECLARATION IN SUPPORT OF
PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
NO.   2:25-cv-00848-TL

1

I, Caitlin Soden, declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct:

1.      I am over the age of 18, competent to testify as to the matters herein, and make this declaration based on my personal knowledge. I am one of the attorneys representing Plaintiff State of Washington in the above-captioned matter.

2.      Plaintiff States submit this Declaration to update the Court on the status of Defendants' implementation of the National Electric Vehicle Infrastructure ("NEVI") Formula Program within the Plaintiff States.

3.      As of the date of this Declaration, Defendants have approved all of Plaintiff States' NEVI Formula Program implementation plans ("State Electric Vehicle Infrastructure Deployment Plans" or "State Plans") for all fiscal years covered by the NEVI Program.

4.      The Infrastructure Investment and Jobs Act's ("IIJA") process for distributing NEVI funds extends beyond the approval of State Plans. *See* Dkt. #110, pp. 8-9 (Preliminary Injunction Order). After receiving each State Plan, the Federal Highway Administration ("FHWA") must make "available for obligation" each state's apportioned NEVI funds for each fiscal year. *Id.* Once available, States can obligate their share of apportioned NEVI Formula Program funds by submitting to the FHWA an authorization request for specific activities. *Id.* at p. 9. Authorization requests must be approved if they meet minimum standards and requirements. *Id.* (citing 23 C.F.R. § 680). Finally, the FHWA is required to reimburse states' expenses of obligated funds through disbursement, or "the actual transfer of funds from the Treasury to the states." *Id.* The IIJA provides the U.S. Department of Transportation with little discretion to withhold or withdraw NEVI funds from the states. *Id.*; *see* Pub. L. 117–58, 135 Stat. 429, 1422.

5.      States have taken different approaches to the obligation of NEVI funds. As Emily Biondi, the FHWA's Associate Administrator for Planning, Environment, and Realty, has explained, states "may choose the order, number, and dollar amount of electronic project

DECLARATION IN SUPPORT OF
PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
NO.    2:25-cv-00848-TL

2

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

agreements they choose to submit under the NEVI Program, and may include more than one project in the same electronic project agreement." Dkt. #93-1 (Declaration of Emily Biondi), ¶¶ 10, 13. The practice of obligating multiple projects in the same electronic project agreement—that is, simultaneously obligating multiple projects or phases of projects—is referred to as "block obligation." As of September 30, 2025, nine states, including Plaintiff States Washington and Illinois, received FHWA approval to block-obligate their entire fiscal year 2022-2025 allocations. Dkt. #164 (Supplemental Declaration of Emily Biondi), ¶ 10. Other Plaintiff States, like California, have not yet obligated their entire allocations, but have requested to block-obligate projects covered by state-conducted solicitations. California has received FHWA approval to block-obligate five of its six solicitations as of December 30, 2025, and the sixth and final request is pending. Other Plaintiff States have sought block obligation, but the FHWA has denied their request. Finally, other Plaintiff States have not yet sought block obligation of funds, instead focusing on the planning stage of their projects and submitting obligation authorization requests for one project or project phase at a time.

6.      To the best of Plaintiff States' knowledge, $1.87 billion in NEVI funds was allocated to Plaintiff States in accordance with NEVI's statutorily-mandated formula. To the best of Plaintiff States' knowledge, as of the date of this Declaration, $1.23 billion, or approximately 65% of these funds, has been obligated.[1]

7.      After summary judgment briefing concluded, certain FHWA Division Offices withdrew or sought to withdraw NEVI funds from Plaintiff States after approving their block obligation requests, making funds available for expenditure. On November 20, 2025, the FHWA directed the Washington State Department of Transportation to deobligate an unspecified amount of its NEVI funds. *See* Exhibit A. After Washington declined to voluntarily deobligate its funds, on November 24, 2025, the FHWA unilaterally deobligated $54.7 million of the Washington State Department of Transportation's $55.7 million in fiscal

---

[1] These numbers represent fiscal years 2022-2026 NEVI funds.

DECLARATION IN SUPPORT OF
PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
NO.    2:25-cv-00848-TL

3

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

years 2022-2025 NEVI funds. *See* Exhibit B. FHWA did not cite to any provision of the IIJA or FHWA regulations to support its request or subsequent deobligation.

8.      Defendants eventually restored Washington's NEVI funds on December 12, 2025, after withholding Washington's funds for over two weeks and after Plaintiff States' conferral with counsel for Defendants regarding this withdrawal of funds and Defendants' compliance with the requirements of this Court's Preliminary Injunction Order.

9.      On November 21, 2025, FHWA instructed the Illinois Department of Transportation to deobligate any NEVI funds for projects that had not yet cleared National Environmental Policy Act ("NEPA") review. *See* Exhibit C. FHWA did not cite to a provision of the IIJA or FHWA regulations to support its request.

10.      Defendants withdrew their directive to Illinois to deobligate its NEVI funds on December 15, 2025, after Plaintiff States met and conferred with counsel for Defendants regarding this deobligation instruction and Defendants' compliance with the requirements of this Court's Preliminary Injunction Order.

11.      In Arizona, FHWA has declined to solicit or accept nominations for new Alternative Fuel Corridors ("AFCs"), which are required for Arizona to implement its approved fiscal year 2025 State Plan. Electric vehicle charging sites built using NEVI funds may be placed only on the AFCs designated by FHWA until FHWA certifies AFC build-out is complete. 23 U.S.C. § 151(f)(6)(B). FHWA must "periodically designate" these corridors and "solicit nominations from State and local officials" to be included in the corridors, *id.* § 151(a), (b)(1), yet FHWA did not issue a request for nominations in 2025 (as it had in previous years) and declined to accept Arizona's AFC nominations in its fiscal year 2025 State Plan. *See* Exhibit D. As Arizona conveyed in its approved State Plan, it cannot build out eight of its new electric vehicle charging sites until new AFCs are identified or until it receives full build-out certification. Thus, practically speaking, Arizona will not be able to access its full apportionment of NEVI funds. Plaintiff States have not yet conferred with Defendants on this

DECLARATION IN SUPPORT OF
PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
NO.   2:25-cv-00848-TL

4

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

issue and the potential applicability of this Court's Preliminary Injunction Order's limits on withholding NEVI funds.

12.     Attached as Exhibit A is a true and correct copy of an email exchange between FHWA employees and employees of the Washington State Department of Transportation dated November 20, 2025, with staff names and identifying information redacted.

13.     Attached as Exhibit B is a true and correct copy of an email from an FHWA employee to employees of the Washington State Department of Transportation dated November 24, 2025, with staff names and identifying information redacted.

14.     Attached as Exhibit C is a true and correct copy of an email from an employee at the Illinois Department of Transportation dated November 19, 2025, with staff names and identifying information redacted.

15.     Attached as Exhibit D is a true and correct copy of a letter from the Deputy Division Administrator of the Arizona FHWA Division Office to the Director of the Arizona Department of Transportation, approving ADOT's 2025 State Plan, dated October 2, 2025.

I declare under penalty of perjury under the laws of the United States that, to the best of my knowledge, the foregoing is true and correct.

Executed on this 7th day of January, 2026, at Seattle, Washington.

By: /s/ *Caitlin M. Soden*
CAITLIN M. SODEN, WSBA # 55457
Assistant Attorney General
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104
206-464-7744
caitlin.soden@atg.wa.gov

*Attorney for the State of Washington*

DECLARATION IN SUPPORT OF
PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
NO.   2:25-cv-00848-TL

5